1  MICHAEL B. MURPHY (State Bar No. 123849)
   mbm@severson.com
2  JOHANNA M. BERTA (State Bar No. 221376)
   jmb@severson.com
3  DIANE P. CRAGG (State Bar No. 221121)
   dpc@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7
   Attorneys for Defendants
8  DAVIS BERK REALTY, INC.; MOHAMMAD
   SIDDIQUE and MARY J. SEO
9

10                    UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13 N.A. SALES COMPANY, INC., a California corporation, | Case No. |
| 14 | |
| Plaintiff, | [formerly San Mateo County Superior Court, |
| 15 | Case No. CIV 525758] |
| vs. | |
| 16 | |
| HAE-SUK LEE, individual; MOON JOO LEE | **DEFENDANT MARY J. SEO'S NOTICE** |
| 17 aka MOONJOO LEE aka MJ LEE, an | **OF REMOVAL TO FEDERAL COURT** |
| individual; SOON BOK PARK aka | **PURSUANT TO 28 U.S.C. §1441** |
| 18 SOONBOK PARK, an individual; BISHOP | |
| RANCH GATEWAY, INC., a California | |
| 19 corporation; JUNHO KIM aka JUN HO KIM | |
| aka DAVID KIM, an individual; JHK | |
| 20 PACIFIC COMMON, INC., a California | |
| corporation; JUNE J. KIM aka JUNE J. JANG | |
| 21 aka JUNE KIM aka JUNE JANG, an | |
| individual; CLAYTON E. SWARTZ, Jr., an | |
| 22 individual; HAENG CHA SWARTZ, an | |
| individual; MARY J. SEO, an individual; | |
| 23 MOHAMMAD SIDDIQUE, an individual; | |
| DAVIS BERK REALTY, INC., a California | |
| 24 corporation; YI SOO JOHN KIM aka YI SOO | |
| KIM aka JOHN KIM, an individual; JYK | |
| 25 INVESTMENT CONSULTING CORP., a | |
| California corporation, and DOES 6-10, | |
| 26 | |
| Defendants. | Removal Date:   February 15, 2019 |
| 27 | |

28

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2    **NORTHERN DISTRICT OF CALIFORNIA, AND ALL PARTIES:**

3        **PLEASE TAKE NOTICE** that Defendant Mary J. Seo ("Defendant Seo") provides this

4    Notice of Removal based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1331,

5    and hereby removes to this Court the state court action described below, as follows:

6        1.    Plaintiff N.A. Sales Company, Inc. ("Plaintiff") filed a civil action in the Superior

7    Court of San Mateo County, California, on December 11, 2013, entitled *N.A. Sales Company, Inc.*

8    *v. Hae-Suk Lee, et al.* bearing San Mateo Superior Court case number CIV 525758 (the "State

9    Court Action"). The original complaint asserts claims against defendants Hae-Suk Lee, Moon Joo

10    Lee and Soon Bok Park for: 1) promissory estoppel; and 2) alter ego. On January 9, 2019,

11    Plaintiff filed its Fourth Amended Complaint ("4th Amended Complaint") in the State Court

12    Action, alleging additional claims and additional defendants. The 4th Amended Complaint asserts

13    claims for: 1) promissory estoppel; 2) breach of personal guarantees; 3) fraud; 4) alter ego; 5)

14    book account; 6) breach of contract; 7) goods sold and delivered at agreed price; 8) conspiracy to

15    commit fraudulent transfer; 9) fraudulent transfer; 10) civil RICO (18 U.S.C. § 1961); 11)

16    conspiracy to civil RICO (18 U.S.C. § 1962(d); 12) vicarious liability; and 13) successor-in-

17    interest liability.

18        2.    This notice of removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)

19    because the Summons and 4th Amended Complaint were served upon Defendant Seo by

20    substituted service on January 22, 2019. This notice of removal is filed on Friday, February 15,

21    2019 – less than 30 days after the date of service of the Summons and 4th Amended Complaint.

22        3.    Defendant Seo has not yet filed an answer or otherwise responded to Plaintiff's 4th

23    Amended Complaint in the State Court Action.

24        4.    Defendant Mohammad Siddique has not yet filed an answer or otherwise responded

25    to Plaintiff's 4th Amended Complaint in the State Court Action.

26        5.    Defendant Davis Berk Realty, Inc. has not yet filed an answer or otherwise

27    responded to Plaintiff's 4th Amended Complaint in the State Court Action.

28        7.    Upon information and belief, defendant Hae-Suk Lee was served with the

1  Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to

2  Plaintiff's 4th Amended Complaint in the State Court Action.

3       8.      Upon information and belief, defendant Moon Joo Lee was served with the

4  Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to

5  Plaintiff's 4th Amended Complaint in the State Court Action.

6       9.      Upon information and belief, defendant Soon Bok Park was served with the

7  Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to

8  Plaintiff's 4th Amended Complaint in the State Court Action.

9       10.     Upon information and belief, defendant Bishop Ranch Gateway, Inc. has not yet

10 been served with the Summons and 4th Amended Complaint in the State Court Action.

11      11.     Upon information and belief, defendant Junho Kim was served with the Summons

12 and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to Plaintiff's

13 4th Amended Complaint in the State Court Action.

14      12.     Upon information and belief, defendant June J. Kim was served with the Summons

15 and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to Plaintiff's

16 4th Amended Complaint in the State Court Action.

17      13.     Upon information and belief, defendant JHK Pacific Common, Inc. was served

18 with the Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise

19 responded to Plaintiff's 4th Amended Complaint in the State Court Action.

20      14.     Upon information and belief, defendant Clayton E. Swartz was served with the

21 Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to

22 Plaintiff's 4th Amended Complaint in the State Court Action.

23      15.     Upon information and belief, defendant Haeng Cha Swartz was served with the

24 Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to

25 Plaintiff's 4th Amended Complaint in the State Court Action.

26      16.     Upon information and belief, defendant Yi Soo John Kim was served with the

27 Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to

28 Plaintiff's 4th Amended Complaint in the State Court Action.

                                                  DEFENDANT MARY J. SEO'S NOTICE OF REMOVAL

17.     Upon information and belief, defendant JYK Investment Consulting Corp. was served with the Summons and 4th Amended Complaint, but has not yet filed an answer or otherwise responded to Plaintiff's 4th Amended Complaint in the State Court Action.

## FEDERAL QUESTION JURISDICTION

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  The 4th Amended Complaint alleges claims for relief and arises under the following federal statutes:  civil RICO and conspiracy to civil RICO (18 U.S.C. § 1961 and 18 U.S.C. § 1962(d)). *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998) (defendant may remove to federal district court under federal question jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

19.     This Court has supplemental jurisdiction over all other claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c).

## AMOUNT IN CONTROVERSY

20.     The amount in controversy exceeds $75,000, exclusive of interest and costs.  (*See* 4th Amended Complaint, p. 31.)

## CONSENT TO REMOVAL

21.     Defendant Mohammad Siddique has consented to this removal.

22.     Defendant Davis Berk Realty, Inc. has consented to this removal.

23.     Defendant Hae-Suk Lee has consented to this removal.

24.     Defendant Soon Bok Park has consented to this removal.

25.     Defendant Bishop Ranch Gateway, Inc. did not consent or object to this removal. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1991) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

26.     Defendant Junho Kim has consented to this removal.

27.     Defendant June J. Kim has consented to this removal.

28.     Defendant JHK Pacific Common, Inc. did not object to this removal.

29.   Defendant Clayton E. Swartz did not object to this removal.

30.   Defendant Haeng Cha Swartz did not object to this removal.

31.   Defendant Yi Soo John has consented to this removal.

32.   Defendant JYK Investment Consulting Corp. has consented to this removal.

### VENUE

33.   Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because this is the district that embraces the county in which Plaintiff filed the State Court Action.

34.   Pursuant to 28 U.S.C. § 1446(d), Defendant Seo is filing this notice of removal with this Court, will provide written notice of the removal of this action to counsel for Plaintiff and counsel for defendants who have been served with the Summons and 4th Amended Complaint, and notice thereof will be filed with the Clerk of the San Mateo Superior Court.

35.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or by Defendant Seo in the State Court Action, including the Summons and 4th Amended Complaint, are attached hereto as **Exhibit 1**.

### DEMAND FOR JURY TRIAL

36.   Defendant Seo hereby demands a jury trial in the above-entitled action.

DATED:  February 15, 2019

SEVERSON & WERSON
A Professional Corporation

By:    _/s/ Johanna Berta_
        Johanna M. Berta

Attorneys for Defendants DAVIS BERK REALTY, INC.; MOHAMMAD SIDDIQUE and MARY J. SEO

12373.0026/14752775.1

DEFENDANT MARY J. SEO'S NOTICE OF REMOVAL

# EXHIBIT 1

EXHIBIT 1

**AMENDED**
**SUMMONS**
*(CITACION JUDICIAL)*

ORIGINAL                                    **SUM-100**



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**SAN MATEO COUNTY**

JAN 0 9 2019

Clerk of the Superior Court

By _____
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See Attachment 1

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

N.A. SALES COMPANY, INC., a California corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo Superior Court | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIV525758 |

400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brian H. Song, Esq.; 4633 Old Ironsides Dr., Ste. 260, Santa Clara, CA 95054

| | | | |
|---|---|---|---|
| DATE: JAN 0 9 2019<br>*(Fecha)* | NEAL TANIGUCHI, Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

CIV525758
ASUM
Amended Summons Issued / Filed
1597164

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. Mom Seo
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| N.A.Sales Company, Inc. vs. Hae-Suk Lee et al. | CIV525758 |

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

HAE-SUK LEE, individual; MOON JOO LEE aka MOONJOO LEE aka MJ LEE, an individual; SOON BOK PARK aka SOONBOK PARK, an individual; BISHOP RANCH GATEWAY, INC., a California corporation; JUNHO KIM aka JUN HO KIM aka DAVID KIM, an individual; JHK PACIFIC COMMON, INC., a California corporation; JUNE J. KIM aka JUNE J. JANG aka JUNE KIM aka JUNE JANG, an individual; CLAYTON E. SWARTZ, Jr., an individual; HAENG CHA SWARTZ, an individual; MARY J. SEO, an individual; MOHAMMAD SIDDIQUE, an individual; DAVIS BERK REALTY, INC., a California corporation; YI SOO JOHN KIM aka YI SOO KIM aka JOHN KIM, an individual; JYK INVESTMENT CONSULTING CORP., a California corporation, and DOES 6-10.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use Judicial Council of California MC-025 [Rev. July 1, 2009]

**ATTACHMENT to Judicial Council Form**

www.courtinfo.ca.gov

1    BRIAN H. SONG, ESQ. (SBN188662)
      *Briansong@SongLeeLaw.com*
2    INNA NAM, ESQ. (SBN 311228)
      *Innanam@SongLeeLaw.com*
3    SONG & LEE LLP
      4633 Old Ironsides Drive, Ste. 260
4    Santa Clara, CA 95054
      TEL: (408)748-3308;
5    FAX: (408)748-3309

6    File No. 1101

7    Attorney for N.A. Sales Company, Inc.

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        SAN MATEO COUNTY, UNLIMITED JURISDICTION

11

12    N.A. SALES COMPANY, INC., a
      California corporation,
13

          Plaintiff
14

15        vs.

16    HAE-SUK LEE, individual; MOON JOO
      LEE aka MOONJOO LEE aka MJ LEE,
      an individual; SOON BOK PARK aka
17    SOONBOK PARK, an individual;
      BISHOP RANCH GATEWAY, INC., a
18    California corporation; JUNHO KIM aka
      JUN HO KIM aka DAVID KIM, an
19    individual; JHK PACIFIC COMMON,
      INC., a California corporation; JUNE J.
20    KIM aka JUNE J. JANG aka JUNE KIM
      aka JUNE JANG, an individual;
21    CLAYTON E. SWARTZ, Jr., an
      individual; HAENG CHA SWARTZ, an
22    individual; MARY J. SEO, an individual;
      MOHAMMAD SIDDIQUE, an individual;
23    DAVIS BERK REALTY, INC., a
      California corporation; YI SOO JOHN
24    KIM aka YI SOO KIM aka JOHN KIM,
      an individual; JYK INVESTMENT
25    CONSULTING CORP., a California
      corporation, and DOES 6-10
26

          Defendants
27

28

**FILED**
SAN MATEO COUNTY

JAN 0 9 2019

Clerk of the Superior Court
By _____
       DEPUTY CLERK

CASE NO.: **CIV 525758**

(Consolidated Case: CIV 525916)

FOURTH
AMENDED COMPLAINT

CIV525758
ACM
Amended Complaint
1987147

-1-
FOURTH AMENDED COMPLAINT

SM/ NAS v. LEE ET AL.

SONG & LEE LLP
4633 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

File By Fax

1   Plaintiff alleges:

2                            <u>PARTIES</u>

3       **1.**     Plaintiff N.A. Sales Company, Inc. ("NAS") is, and at all times herein mentioned

4   was, a corporation duly organized and existing under the laws of the State of California. NAS

5   engages, and at all times herein engaged, in the business of wholesales of frozen fish meat and

6   other supplies to Japanese restaurants. NAS has been in business since 1970 and serve approx.

7   600 Japanese and related restaurants in the Greater Bay Area.

8       **2.**     Defendants Hae-Suk Lee ("HS Lee"), Moon Joo Lee ("MJ Lee"), Soon Bok Park

9   ("SB Park"), are, and were at all times herein mentioned, competent adults. HS Lee and SB Park

10   are the father and mother of MJ Lee, their son (collectively with HS Lee and SB Park, the "Lees").

11   During the relevant times, the Lees controlled and dominated the Madfish Restaurant Companies

12   (defined below).

13       **3.**     Defendant Bishop Ranch Gateway, Inc. ("BRG") is one of the Madfish Restaurant

14   Companies (defined below).

15       **4.**     Defendant June Jungyoon Kim a.k.a. June J. Kim a.k.a. June Kim a.k.a. June J.

16   Jang a.k.a. June Jang ("June Kim") is, and was at all times herein mentioned, a competent adult.

17   June Kim is an agent of HS Lee, SB Park, and MJ Lee and Madfish Restaurant Companies (defined

18   below).

19       **5.**     Defendant Jun Ho Kim ("JH Kim") is, and was at all times herein mentioned, a

20   competent adult. Plaintiff believes, and thereupon alleges, that JH Kim is unrelated to defendant

21   June Kim.

22       **6.**     Defendant JHK Pacific Common Inc. ("JHK Pacific Common") is, and was at all

23   times mentioned herein, a California corporation, organized under California law, whose principal

24   place of business is located at 43337 Christy Street, Fremont, California.

25       **7.**    .Defendants Clayton E. Swartz, Jr. and Haeng Cha Swartz ("the Swartz"), are and

26   were at all times herein mentioned, a married couple residing in Alameda County, California, and

27   competent adults.

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

8. Defendant Mary J. Seo ("M. Seo"), previously sued herein as Mary Seo, is and was at all times herein mentioned, a competent adult. M. Seo was at all times herein mentioned a California licensed real estate salesperson, employed at Titan Real Estate Services, Inc. ("Titan"), acting with the scope of her employment.

9. Defendant Mohammad Siddique ("Siddique") is, and at all times herein mentioned was, a real estate broker licensed by the Department of Real Estate of California and was at all times mentioned herein the designated responsible offer of Titan Real Estate Services, Inc. In such capacity, Siddique owed a duty as the listing broker and responsible officer of Titan Real Estate Services, Inc. for the acts committed by the salesperson M. Seo.

10. Defendant Davis Berk Realty ("DBR") is, and was at all times herein mentioned, a California corporation, organized under California law and is being named as a defendant as the successor-of-interest of Titan Real Estate Services, Inc. as both M. Seo and Siddique are now being employed with DBR in the same capacities of their previous respective positions with Titan Real Estate Services, Inc.

11. Yi Soo Kim, a.k.a. "John" Kim ("John Kim") is, and at all times relevant, was a real estate broker licensed in the State of California and the president and designated real estate broker of JYK Investment Consulting Corp. ("JYK"). At all times relevant, John Kim was an officer and director of JYK. Plaintiff believes, and thereupon alleges, that John Kim is unrelated to defendants JH Kim or June Kim.

12. JYK is, and at all times relevant, was a corporation organized and existing under the laws of the State of California, having been incorporated on September 20, 1999. JYK is a licensed by the Department of Real Estate of the State of California.

13. The true names and/or capacities, whether individual, corporate, association or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, are therefore sued under their fictitious names. Upon information and belief, Plaintiff allege that said fictitiously named Defendants are obligated to Plaintiff as set forth herein, and are responsible in whole or in part, for damage suffered by Plaintiff. Plaintiff will amend this Complaint to state

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3108; FAX (408)748-3109

1  their true names and capacities when ascertained. Plaintiff intend all further reference in this

2  Complaint to any of the individually named Defendants or to "Defendants," to expressly include

3  reference to the fictitiously named "DOE" Defendants.

4       **14.**    Upon information and belief, Plaintiff allege that each of Defendants whether

5  designed as "DOES" or otherwise is responsible in some manner for the events and happening

6  hereinafter referred to and thereby directly and proximately caused the damages and harm to

7  Plaintiff as hereinafter alleged.

8       **15.**    Plaintiff are informed and believe that, at all times mentioned, every Defendant was

9  the agent and employee of every other Defendant, and in doing the actions herein alleged, acted

10  within the scope of his/her authority.

11       **16.**    Whenever in this Complaint reference is made to any of Defendants, unless

12  otherwise stated, such allegations shall be deemed to mean the act of each Defendant acting

13  individually, jointly, and/or severally.

14  <div align="center">JURISDICTION AND VENUE</div>

15       **17.**    The amount demanded exceeds the jurisdictional limit of $25,000. Furthermore,

16  Plaintiff is informed and believes and thereon alleges that all parties hereto are, or was at all times

17  herein mentioned, California residents. As such, this Court has jurisdiction.

18       **18.**    The underlying agreement was to be performed in this County; therefore, San

19  Mateo County is the proper county for venue.

20  <div align="center">MJ Lee and</div>

21  <div align="center">HIS BANKRUPTCY OF NOV. 2009 &</div>

22  <div align="center">POST-PETITION DEBT</div>

23       **19.**    MJ Lee previously filed for personal bankruptcy under Chapter 7 of the U.S.

24  Bankruptcy Code on or about November 30, 2009 in the Bankruptcy Court for the Northern

25  District of California. He subsequently received discharge on or about July 16, 2010.

26       **20.**    Subsequently on August 5, 2010, MJ Lee made the promise that he would

27  personally be responsible for the debts owed by that ISIF Madfish, Inc., Town & Country Madfish,

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1  Inc., Fremont Gateway, Inc., and Bishop Ranch Gateway, Inc. (collectively, "Madfish Restaurant
2  Companies") to Plaintiff by delivering a written promise, a copy of which is attached hereto as
3  Exhibit 1.

4  <u>ALLEGATION COMMON TO ALL CAUSES OF ACTION</u>
5  <u>WRITTEN SUPPLY CONTRACTS</u>

6      21.    Each of the Madfish Restaurant Companies entered into "Credit Application", a
7  written agreement with Plaintiff NAS to purchase supplies on credit.  ISIF Madfish, Inc. entered
8  such a supply agreement on credit on September 20, 2008.  Town & Country Madfish, Inc. entered
9  such a supply agreement on credit on September 22, 2008.  Fremont Gateway, Inc. entered such a
10  supply agreement on credit on November 24, 2009.  BRG entered such a supply agreement on
11  credit on March 26, 2010.  True and correct copies of said four supply agreements on credit are
12  attached hereto as Exhibit 2.

13      22.    Pursuant to the terms of the supply agreement on credit, the Madfish Restaurant
14  Companies agreed to, inter alia, "pay to N.A. Sales, as interest, an amount equal to 1.5% per month
15  for invoice amounts those are past due", and also, "to pay reasonable attorney(s) fees, collection
16  fees, court costs and other expenses incurred by N.A. Sales, whether [or] not suit is filed" in "the
17  event N.A. Sales should commence any action(s), or otherwise seek to enforce this agreement
18  against Customer or any Guarantor."

19      23.    NOTICE IS GIVEN TO ALL DEFENDANTS THAT PLAINTIFF NAS SEEKS
20  THE ATTORNEY'S FEES IT HAS INCURRED AS PART OF DAMAGES, WHICH IT
21  SUFFERED AS A RESULT OF THE DEFENDANTS' BREACH OF THEIR EXPLICIT
22  OBLIGATIONS UNDER THE CREDIT APPLICATIONS, INCLUDING BUT NOT LIMITED
23  TO THEIR EXPLICIT AGREEMENT TO PAY FOR ALL COLLECTION COSTS,
24  INCLUDING REASONABLE ATTORNEY'S FEES, WHETHER OR NOT A SUIT IS FILED.
25  //

26  <u>FIRST CAUSE OF ACTION</u>
27  <u>PROMISSORY ESTOPPEL</u>
28

-5-
FOURTH AMENDED COMPLAINT

SM/ NAS v. LEE ET AL.

(HS Lee)

24.    Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1 through 23, inclusive, by reference thereto as if fully set forth herein.

25.    On or about August 5, 2010, Defendant HS Lee issued a check, a copy of which is attached hereto as Exhibit 3.  Under the terms of the check, Defendant HS Lee agreed to pay $200,000 in the event Madfish Restaurant Companies failed to pay the then-outstanding open book balance of approximately $216,000.

26.    In so doing, Defendant HS Lee knew or should have known that Plaintiff NAS would be reasonably induced to rely on HS Lee's promise, assurance, and representation by delaying its collection actions against Madfish Restaurant Companies.

27.    Plaintiff NAS reasonably relied on HS Lee's promise, assurance, and representation and was induced to delay collection actions against the Madfish Restaurant Companies.

28.    Subsequent to HS Lee's making of the promise, assurance and representation, Madfish Restaurant Companies sold or closed businesses, and filed for bankruptcy or otherwise did not pay.

29.    HS Lee is a "Guarantor" under the terms of the Credit Application. Notwithstanding, HS Lee has not performed any part of his promises, assurances, and representations.

30.    As a proximate result of HS Lee's failure to perform according to the promises, assurances, and representations that he made to Plaintiff NAS, Plaintiff NAS has suffered the following damage: approximately $197,942 in the adjusted balance due as of July 31, 2013, unpaid interests continuously accruing 18% per annum (approximately $171,217 to date) and collection costs, including attorney's fees, continuously incurring since December, 2013 (approximately $500,000 to date).  As such, Plaintiff NAS seeks damages in the total amount of approx. $870,000 or more to be proven at the trial.

31.    Injustice can be avoided only by enforcing Defendant HS Lee's promises, assurances, and representations completely.

SECOND CAUSE OF ACTION

BREACH OF PERSONAL GUARANTEES

(Against HS Lee and MJ Lee)

32.    Plaintiff NAS hereby re-alleges and re-states the allegations in paragraph 1 through 31, inclusive, by reference thereto as if fully set forth herein.

33.    HS Lee and MJ Lee on their own entered into the personal guarantees and agreed to pay off the outstanding debts owed by the Madfish Restaurant Companies in the event that the Madfish Restaurant Companies failed to pay off the then-outstanding stated balance.    In consideration, Plaintiff NAS agreed to delay the collection actions against the Madfish Restaurant Companies while Madfish Restaurant Companies reviewed their own balances.

34.    Plaintiff NAS delayed instituting collection actions since August, 2010 until this lawsuit was commenced, periodically checking with Madfish Restaurant Companies as to whether they had completed their review of their own balances.  However, Madfish Restaurant Companies failed and continued to fail to verify their own review of their balance and Madfish Restaurant Companies' final promise to complete its verification process by September, 2013 was never met.

35.    Furthermore, the Madfish Restaurant Companies failed to pay off the then-outstanding stated balance but instead two sold their businesses, one closed down its business, and the fourth filed for bankruptcy under chapter 11.

36.    Plaintiff NAS repeatedly demanded HS Lee and MJ Lee to pay off the outstanding balance, the last of such demand being made in or about November, 2013.  HS Lee and MJ Lee continued to delay by various pretexts, while in reality HS Lee and MJ Lee were engaged in siphoning off and concealed cash and other valuable assets of the Madfish Restaurant Companies.

37.    HS Lee and MJ Lee breached the personal guarantees by refusing, and continuing to refuse, to pay off the liabilities of the Madfish Restaurant Companies.

38.    As a proximate result of Defendant HS Lee's and MJ Lee's failure to perform according to the promises, assurances, and representations that they made to Plaintiff NAS, Plaintiff NAS has suffered the following damage: approximately $197,942 in the adjusted balance

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1  due as of July 31, 2013, unpaid interests continuously accruing 18% per annum (approximately

2  $171,217 to date) and collection costs, including attorney's fees, continuously incurring since

3  December, 2013 (approximately $500,000 to date).  As such, Plaintiff NAS seeks damages in the

4  total amount of $870,000 or more to be proven at the trial.

<div align="center">THIRD CAUSE OF ACTION</div>

<div align="center">FRAUD – PROMISE MADE WITHOUT THE INTENT TO PERFORM</div>

<div align="center">(Against HS Lee and MJ Lee)</div>

8      **39.**    Plaintiff NAS hereby re-alleges and re-states the allegations in paragraph 1 through

9  38, inclusive, by reference thereto as if fully set forth herein.

10     **40.**    On August 5, 2010, at the office of Plaintiff NAS, Defendants HS Lee and MJ Lee

11  made a written promise to Plaintiff NAS that they would pay off the then-outstanding stated

12  balance of Madfish Restaurant Companies owed to Plaintiff for the supplies they purchased in the

13  event that Madfish Restaurant Companies fail to pay off the balance.

14     **41.**    The promise of Defendants HS Lee and MJ Lee was important to Plaintiff NAS.

15     **42.**    Defendants HS Lee and MJ Lee did not intend to perform this promise when they

16  made the promise.

17     **43.**    Plaintiff NAS reasonably relied on the promise because, among others, HS Lee

18  wrote a check in the amount of $200,000 and Defendant MJ Lee brought the check in person.

19     **44.**    Defendants MJ Lee and HS Lee did not perform the promise.

20     **45.**    As a proximate result of Defendant HS Lee's and MJ Lee's failure to perform

21  according to the promises, assurances, and representations that they made to Plaintiff NAS,

22  Plaintiff NAS has suffered the following damage: approximately $197,942 in the adjusted balance

23  due as of July 2013, unpaid interests continuously accruing 18% per annum (approximately

24  $171,217 to date) and collection costs, including attorney's fees, continuously incurring since

25  December, 2013 (approximately $500,000 to date).  As such, NAS seeks damages in the total

26  amount of $870,000 or more to be proven at the trial.

<div align="center">FOURTH CAUSE OF ACTION</div>

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

<div align="center">-8-<br>FOURTH AMENDED COMPLAINT</div>

SM/ NAS v. LEE ET AL.

<div align="center">ALTER EGO</div>

<div align="center">(Against HS Lee, MJ Lee and SB Park)</div>

46.     Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1 through 45, inclusive, by reference thereto as if fully set forth herein.

47.     On account of the supplies delivered by Plaintiff NAS to Madfish Restaurant Companies under the terms of the supply agreements on credit, Madfish Restaurant Companies are obligated to pay Plaintiff NAS the following:  approximately $171,217 in the original balance due on the supply agreement on credit as of July 31, 2013, unpaid interests continuously accruing 18% per annum (approximately $171,217 to date) and collection costs, including attorney's fees, continuously incurring since December, 2013 (approximately $500,000 to date), totaling $870,000 or more to be proven at trial.

48.     Under the supply agreements on credit, Madfish Restaurant Companies continuously and regularly made purchases from Plaintiffs NAS on the open book accounts.  At all times, Plaintiff regularly sent monthly statements along with invoices to show the unpaid open book balance and at no time Plaintiff NAS questioned the stated balances.  The invoices and the unpaid balances are due within 30 days.  However, Madfish Restaurant Companies delayed full payments on the stated balances.  Eventually, Plaintiff NAS demanded and received the personal guarantees from HS Lee and MJ Lee.

49.     There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants MJ Lee, SB Park, and HS Lee (i.e., the Lees) and Madfish Restaurant Companies, such that any individuality and separateness between the Lees, one or more of them individually or jointly, and Madfish Restaurant Companies have ceased, and each of the Madfish Restaurant Companies are the alter ego of the Lees in that: each of Madfish Restaurant Companies is, and at all times herein mentioned was, a mere shell and sham without capital, assets, stock or stockholder; Madfish Restaurant Companies were conceived, intended, and used by the Lees as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in place of the Lees; at no time after Madfish Restaurant Companies became

1   incorporated was any stock authorized to be issued or issued, nor has any permit for issuance of

2   stock been applied for with the Commissioner of Corporation; Madfish Restaurant Companies is,

3   and at all times herein mentioned was, the alter ego of the Lees and there exists, and at all times

4   herein mentioned has existed, a unity of interest and ownership between the Defendant such that

5   any separateness has ceased to exist, in that the Lees used assets of the corporation for their

6   personal uses, caused assets of the corporation to be transferred to them without adequate

7   consideration, and withdrew funds from the corporation's bank accounts for their personal use; the

8   Lees completely controlled, dominated, managed, and operated both Madfish Restaurant

9   Companies and intermingled the assets of each to suit the convenience of the Lees; each of Madfish

10  Restaurant Companies is, and at all times herein mentioned was, a mere shall, instrumentality, and

11  conduit through which the Lees carried on their restaurant businesses in the corporate name exactly

12  as they had conducted it prior to incorporation, exercising complete control and dominance of such

13  business to such an extent that any individuality or separateness of Madfish Restaurant Companies

14  and the Lees does not, and at all times herein mentioned did not, exist; and the activities and

15  business of Madfish Restaurant Companies were carried out without the holding of directors' or

16  shareholders' meetings, no records or minutes of any corporate proceedings were maintained, and

17  the Lees entered into personal transactions with Madfish Restaurant Companies without the

18  approval of other directors or shareholders.

19      50.     For example, while the Madfish Restaurant Companies still owed the unpaid trade

20  payables to Plaintiff NAS (having grown since the opening of the accounts in 2008 to July, 2010

21  and July 2012), the Lees caused the companies to make regular, continuous and substantial

22  distributions to SB Park, Hyeong Geon Lee (a former business partner of the Lees) and Seraphina

23  Jang (former mother-in-law of June Kim).  For example, Town & Country Madfish, one of four

24  Madfish Restaurant Companies (see Paragraph 10), issued checks of $1,000 on Dec. 3, 2010, $400

25  on Sep. 7, 2010, $600 on Jan. 28, 2011, $300 on Dec. 10, 2010, and $600 on Jan. 28, 2011 to

26  Defendant SB Park.  ISIF Madfish, another of four Madfish Restaurant Companies, also regularly

27  issued checks to SB Park as follows: $1,000 on Dec. 25, 2011, $700 on July 22, 2011, $700 on

28

SONG & LEE LLP
4633 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3108; FAX: (408)748-3309

1   Aug. 5, 2011 and another $700 on August 12, 2011, etc. As for Seraphina Jang, <u>Town & Country</u>

2   <u>Madfish</u> and <u>ISIF Madfish</u> issued checks to <u>Seraphina Jang</u> during this period at least as follows:

3   Jan. 10, 2011, $500; March 4, 2011, $400; April 1, 2011, $500; April 24, 2011, $700; May 20,

4   2011, $800; July 9, 2011, $800; Aug. 5, 2011, $800; Aug. 26, 2011, $800; Oct. 7, 2011, $700;

5   Nov. 4, 2011, $800; Dec. 2, 2011, $800; Dec. 30, 2011, $1,500; Feb. 10, 2012, $1,500; March 9,

6   2012, $4,943; Apr. 6, 2012, $1,500; May 4, 2012, $1,500; June 17, 2012, $1,500; June 29, 2013,

7   $1,000; July 20, 2013, $1,500; July 29, 2013, $1,000; Aug. 16, 2013, $1,500; etc. As for <u>Hyeong</u>

8   <u>Geon Lee</u>, <u>Town & Country Madfish</u> paid check to be cashed at least twice as follows: $2,500 on

9   Dec. 30, 2008 and $2,500 on Jan. 28, 2009.

10       **51.**    Using the transferred funds, then they all acted in concert to purchase a house at

11   which Defendants Lees effectively controlled and which Defendant MJ Lee eventually resided in.

12   Seraphina Jang is the former mother-in-law of June Kim aka June Jang aka June Jungyoon Kim,

13   the former bookkeeper of the Lees. SB Park, Hyeong Geon Lee and Seraphina Jang then further

14   transferred the cash through one California LLC (named Pacific Common Enterprise LLC) and

15   one Nevada LLC (named America West Enterprise, LLC) to purchase a real property located at

16   665 Argyle St., San Ramon, California, at which MJ Lee eventually resided. For example,

17   America West Enterprise LLC (one organized by Hyeong Geon Lee) transferred funds to

18   Seraphina Jang at least as follows: $29,000 on Oct. 29, 2010 and $8,500 on Nov. 1, 2010, while

19   Defendant SB Park transferred $10,000 to Seraphina Jang on Sept. 28, 2010.

20       **52.**    For another example, the Lees used accounts set up in the name of June Kim, the

21   bookkeeper, to transfer funds from the Madfish Restaurant Companies, rather than using the funds

22   to pay off the trade payables then-owed to Plaintiff NAS. Thus, from 2010 to 2012, June Kim

23   maintained three (3) bank accounts in her name all addressed at one or more of the business

24   addresses of the Madfish Restaurant Companies, wherein numerous (*mostly cash*) deposits,

25   aggregating to approx. $270,000 were deposited during the three (3) years, even though June Kim

26   received monthly salaries of $3,000. June Kim made cash deposits from the funds she withdrew

27   from the Madfish Restaurant Companies.

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

53.     For a few examples, on Nov. 16, 2011, June Kim withdrew $11,000 in cash from a bank account of ISIF Madfish and on August 27, 2012, June Kim withdraw $11,300 in cash from a bank account of ISIF Madfish. For a few more examples, on Nov. 15, 2011, June Kim withdrew $15,000 in cash from a bank account of Fremont Gateway, Inc. another one of the four Madfish Restaurant Companies and on Nov. 22, 2011, June Kim withdrew $30,000 in cash from a bank account of Fremont Gateway, Inc.

54.     For additional examples, the Lees caused the Madfish Restaurant Companies to co-mingle their funds amongst them. Based on a few samples discovered so far, on May 4, 2009, ISIF Madfish, Inc. issued a check to Town & Country Madfish, Inc. in the amount of $2,490, noting "Loan to Vacaville" (city where Town & Country Madfish is located). Reversely, on June 9, 2009, Town & Country Madfish, Inc. issued a check to "cash" noting "transfer to ISIF Madfish, Inc." in the amount of $2,800 and on June 18, 2009, Town & Country Madfish, Inc. again issued a check to "cash" noting it as "Loan to ISIF Madfish" in the amount of $1,700. Town & Country Madfish, Inc. also transferred funds with Mad Fish Pier39 (the holding company of the Madfish Restaurant Companies owned by the Lees); as such, on Feb. 10, 2009, Town & Country Madfish, Inc. transferred $1,500 to Mad Fish Pier39, Inc. and again on Oct. 8, 2010, Town & Country Madfish, Inc. transferred $5,000 to Mad Fish Pier39, Inc.

55.     After having funneled the funds of the Madfish Restaurant Companies, the Lees then used the transferred funds of the Madfish Restaurant Companies for their expenses and also periodically withdrew from the accounts. For instance, a check was made from one account held in June Kim's name in the amount of $795.67 payable to Crow Canyon Community College on November 20, 2012 for "M.J. Lee #3687". Another check from a June Kim's checking account was made to Defendant MJ Lee in the amount of $200 on October 4, 2012 for "loan". Yet, another check in the amount of $300 on October 4, 2012 to Defendant SB Park against for "loan".

56.     Adherence to the fiction of the separate existence of the Madfish Restaurant Companies as an entity distinct from the Lees would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that: the Lees caused Madfish Restaurant

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 250
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1  Companies to deal with Plaintiff NAS while depleting and bankrupting the assets of Madfish

2  Restaurant Companies and further inducing Plaintiff NAS to transact with Madfish Restaurant

3  Companies and placing Plaintiff in an unacceptable risk.

4    57.    Furthermore, Defendants MJ Lee and HS Lee also personally guaranteed all

5  liabilities of Madfish Restaurant Companies further inducing Plaintiff NAS to delay the collection

6  action against them, while depleting the assets of Madfish Restaurant Companies.

7    58.    Plaintiff NAS has performed all obligations expect to the extent that Plaintiff was

8  prevented and excused from performance due to HS Lee's and MJ Lee's failure to perform.

9    59.    As a result of the Lees' failure to pay the amounts owed to Plaintiff, Plaintiff NAS

10  was damaged in the following: approximately $197,942 in the adjusted balance due on the supply

11  agreement on credit, unpaid interests continuously accruing 18% per annum (approximately

12  $171,217 to date) and collection costs, including attorney's fees, continuously incurring since

13  December, 2013 (approximately $500,000 to date), totaling $870,000 or more to be proven at trial.

FIFTH CAUSE OF ACTION

BOOK ACCOUNT

(Against BRG)

17    60.    Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1

18  through 59, inclusive, by reference thereto as if fully set forth herein.

19    61.    Within last four years preceding the commencement of this action, Defendant BRG

20  became indebted to Plaintiff NAS on an open book account for money due in the sum of

21  $38,165.23, inclusive of the agreed sum of finance charges of 1.5% per month for the food supplies

22  sold, delivered and used by Defendant BRG in its ordinary course of business at its special instance

23  and request and for which Defendant BRG agreed to pay the above sum.

24    62.    A copy of this account is attached hereto as Exhibit 4 and made a part hereof.

25    63.    Neither the whole nor any part of the above sum has been paid although a demand

26  therefor has been made, and there is now due, owing, and unpaid the aggregate sum of $71,177

27  comprised of $38,165.23 in the original unpaid balance and $33,012.40 in the interests accrued

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 250
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1   thereon to date (May 20, 2018) and continuing to accrue, the final amount of which shall be

2   determined at the trial at the rate of 1.5 percent per month (1.5%).

3   <center>SIXTH CAUSE OF ACTION</center>

4   <center>BREACH OF CONTRACT</center>

5   <center>(Against BRG)</center>

6       **64.**   Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1

7   through 63, inclusive, by reference thereto as if fully set forth herein.

8       **65.**   There exists a written contract, called "Credit Application", between Plaintiff NAS

9   and Defendant BRG, a copy of which is attached hereto as one of the four supply agreements on

10   credit, among Exhibit 2.

11       **66.**   Under the terms of said agreement, Defendant BRG had agreed to pay all invoiced

12   amounts in accordance with the Plaintiff NAS's invoices. Plaintiff NAS's invoices required

13   payments of the full amounts within 30 days. Defendant BRG agreed to pay interests of 1.5% per

14   month for all amounts unpaid after invoicing. Also, in the event Plaintiff NAS commences any

15   collection efforts, including any lawsuits, Defendant BRG agreed to pay all collection costs,

16   including reasonable attorney's fees.

17       **67.**   Defendant BRG breached said agreement by failing to pay the invoiced amounts,

18   interests and collection fees to date.

19       **68.**   As a result of Defendant BRG's breach of said agreement, Plaintiff NAS has

20   suffered to its damage in the sum of $71,177 plus additional collection costs, the amount of which

21   shall be determined at trial.

22   <center>SEVENTH CAUSE OF ACTION.</center>

23   <center>COMMON COUNT: GOODS SOLD AND DELIVERED AT AGREED PRICE.</center>

24   <center>(Against Defendant BRG)</center>

25       **69.**   Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1

26   through 68, inclusive, by reference thereto as if fully set forth herein.

27

28

SONG & LEE LLP
4633 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

<center>-14-</center>
<center>FOURTH AMENDED COMPLAINT</center>

70.     Within the last four years as of the date of the commencement of this lawsuit, at South San Francisco, Defendant BRG became indebted to Plaintiff NAS in the amount of $71,177 for goods regularly sold and delivered to Defendant BRG, inclusive of the agreed-upon interest charges at the rate of 1.5% per month on the outstanding balance.

71.     Plaintiff NAS regularly provided invoices and monthly statements for the goods sold and Defendant BRG never disputed the invoiced amounts.

72.     Plaintiff NAS repeatedly demanded the sum to be paid, the last one prior to the lawsuit being made on December 9, 2013 by sending a letter addressed to Defendant MJ Lee.

73.     No payment has been made by Defendant BRG to Plaintiff NAS, and there is now owing the sum of $71,177, with the finance charge at the rate of 1.5% per month from July 31, 2013 included therein.

74.     Per the supply agreement on credit, Defendant BRG also agreed to pay collection costs whether or not a lawsuit is commenced.  As such, Plaintiff NAS also is entitled to all collection costs including attorney's fees as damages.

<u>EIGHTH & NINETH CAUSES OF ACTION</u>

<u>CONSPIRACY TO FRAUDULENT TRANSFER & FRAUDULENT TRANSFER</u>

(Against Defendants MJ Lee, HS Lee, SB Park,

JH Kim, JHK Pacific Common, Swartz, M. Seo, Siddique, DBR, JYK, John Kim and Does 6-10)

75.     Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1 through 74, inclusive, by reference thereto as if fully set forth herein.

76.     The Eighth and Ninth causes of action herein alleged relate to the Third Cause of Action, To Set Aside Fraudulent Transfer alleged in the Fourth Amended Complaint filed in the action *N.A. Sales Company, Inc. v. JHK Pacific Common, Inc. et al.* in the Alameda County Superior Court, case number of HG15761098 ("Alameda Action") and the Fifth and Sixth Causes of Action, To Set Aside Fraudulent Transfer and Conspiracy in *Jin Hee Song et al. v. Moon Joo Lee et al.* in the Santa Clara Superior Court, case number of 2014-1-CV-270737 ("Santa Clara Action").  NAS previously move this Court in an effort to coordinate this present action with

SONG & J. LEE LLP
4633 Old Ironsides Dr, Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1    Alameda Action and Santa Clara Action. The Court denied said motion for coordination. For this
2    reason, the related Causes of Action remain in three different actions. Plaintiff amends the Cause
3    of Action of Conspiracy to include the underlying Cause of Action to Set Aside Fraudulent
4    Transfer for the purpose of consolidating all related Causes of Action into one Cause of Action in
5    this present Action. Plaintiff will seek to dismiss its Alameda and Santa Clara Actions once this
6    Cause of Action is filed in the present Court.

7        **77.**    On or about February 20, 2014, Defendants HS Lee, MJ Lee, JH Kim, JHK Pacific
8    Common and DOES 1-5 agreed and knowingly and willfully conspired among themselves to
9    hinder, delay, and defraud Plaintiff NAS in the collection of the personal guarantees and other
10   liabilities that HS Lee and MJ Lee issued to Plaintiff NAS.

11       **78.**    Under the agreement, Defendant JH Kim incorporated Defendant JHK Pacific
12   Common and thereafter, on or about September 2014, MJ Lee *transferred* interests in his federally
13   registered trademark "Little Madfish", an Internet domain name (i.e., www.littlemadfish.com),
14   certain business system and the right to conduct Japanese restaurant business at 43337 Christy
15   Street, Fremont, California, using the aforementioned assets *to* Defendant JHK Pacific Common,
16   directly or through Defendant JH Kim, (the "Transfer") without receiving anything from
17   Defendant JHK Pacific Common or JH Kim; that is, he made the Transfer *for free*.

18       **79.**    In alternative or in addition to the facts in the immediately preceding paragraph,
19   Plaintiff alleges the following: Defendant MJ Lee transferred the interests or/and the right to use
20   the above-mentioned properties to Defendants Swartzs ("Alternate Transfer") without receiving
21   anything from the Swartzs. This Alternative Transfer occurred on or about October 1, 2014.

22       **80.**    Both the Transfer and the Alternate Transfer were transfers of valuable assets or
23   property rights in that in other similar prior transactions, where the Lees had made similar
24   transfers,they or their other controlled entities would receive substantial amounts of monies,
25   ranging from approx. $175,000 to approx. $275,000. Yet, in this Transfer, or in the Alternate
26   Transfer, MJ Lee charged nothing to either JHK Pacific Common or Swartzs  The Transfer and
27   the Alternate Transfers are collectively herein below referred to as the "Transfers".

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)744-3308; FAX: (408)744-3309

81.     Plaintiff NAS is informed and believes and thereon alleges that the Transfers were made, or obligation was incurred with an actual intent to hinder, delay, or defraud MJ Lee's or the Lees' then and future creditor, including Plaintiff NAS in the collection of its claims.

82.     Plaintiff NAS is informed and believes and thereon alleges that the above described interests in properties were received by Defendant JHK Pacific Common and/or Defendant JH Kim and/or Defendants Swartzs, with knowledge that Defendant MJ Lee intended to hinder and delay the collection of Plaintiff's aforementioned claim defraud the then and future creditors of MJ Lee and/or Lees. Defendants JHK Pacific Common and JH Kim had such knowledge by virtue of having the same management and its owner, JH Kim's having vigorously defended the San Mateo County lawsuit and an agreement made on or about February 20, 2014 between Defendant JH Kim and Defendant MJ Lee. Defendants Swartzs had such knowledge because, among others, the tradename, website and logo were mentioned in the Business SPA.

83.     As part of the Transfers, from on or about January 20, 2014 through September 1, 2014, Defendants JH Kim and MJ Lee met with the landlord of the business premises located at 43337 Christy Street on several occasions and actively sought the landlord's approval of a new lease under the name of Defendant JH Kim, submitting a business plan to continue the restaurant under the same trademark, Little Madfish, promoting Defendant JH Kim's profile to the landlord even though JH Kim had been only a waiter working for MJ Lee himself, with the then-prior experiences of being a server at another fast food restaurant.

84.     Under the agreement, shortly after Defendant JHK Pacific Common secured the new lease from the landlord on or about September 1, 2014 and operated the Japanese restaurant business using the Transfer, Defendants MJ Lee and JH Kim listed the business for sale. On or about October 28, 2014, within less than two months, Defendant JH Kim entered into a business sale and purchase agreement (the "Business SPA") to sell the business by way of stock sale to Swartz, an individual. Under the Business SPA, Swartz was to acquire the entire issued and outstanding shares of Defendant JHK Pacific Common from Defendant JH Kim for $600,000, a bit more than half, i.e., $307,989.22, of which was paid in escrow check at the closing and the

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1   other roughly half by owner-carry, i.e., a promissory note issued by Swartz secured by deed of

2   trust.

3       **85.**    Plaintiff is informed and believes and thereon alleges that shortly after the closing

4   of the Business SPA, Defendant JH Kim then transferred the cash portion of purchase price to

5   Defendant MJ Lee.  Defendant JH Kim made the transfer by first requesting the escrow that

6   handled and closed the Business SPA to send the escrow check of $307,989.22 in the name of

7   "June Kim", another associate of Defendant MJ Lee, listing June Kim's (not related to JH Kim)

8   phone number in the instruction notice to the escrow concerning the manner by which the escrow

9   was to pay the cash portion of the purchase price.

10      **86.**    Defendants MJ Lee, HS Lee and SB Park had access to the bank accounts of June

11   Kim, and at various times transferred in and out of, and concealed significant sums of their funds

12   and the funds of the Madfish Restaurant Companies into the multiple bank accounts opened and

13   maintained under the name of the associate June Kim.  For instance, from or about 2010 to or

14   about 2012, June Kim maintained at least three separate checking accounts wherein *mostly cash*

15   deposits of approximately $270,000 were made.

16      **87.**    As part of the new lease, the landlord required Defendant JHK Pacific Common to

17   conduct the restaurant business using the registered trademark.  Plaintiff is informed and believes

18   and thereon alleges that Defendant JHK Pacific Common since then continuously operated its

19   business with the Transferred asset.

20      **88.**    Defendants HS Lee, SB Park, MJ Lee, JH Kim and JHK Pacific Common

21   undertook the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and

22   agreements alleged above.

23      **89.**    As a proximate result of the wrongful acts herein alleged, Plaintiff NAS has been,

24   and will have been, generally damaged in the amount of $870,000 or more to be proven at trial.

25   Plaintiff NAS suffered harm when the Transfers were completed on or after September 1, 2014 –

26   i.e., when JHK acquired the lease for the premises or when MJ Lee made the Alternate Transfer

27   to the Swartz; accordingly, Plaintiff NAS' cause of action accrued under these Eighth and Ninth

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1   Causes of Action on or after September 1, 2018.  Plaintiff's statute of limitation was further tolled
2   by about six months because Plaintiff discovered the fraudulent transfer on or about March 15,
3   2015. Defendants Lees, including MJ Lee, JH Kim, JHK, and Swartz, converted the sale of JHK's
4   business which had been initially structured as an asset sale into a stock sale and then further split
5   the stock sale into two closings, the first of which was solely conducted for the stock sale and the
6   second of which was solely conducted for the transfer of the ABC license by which arrangement
7   the defendants delayed the detection by creditor NAS of, and obscured the substance of, the
8   transfer of the business assets.

9         90.      At all times herein mentioned, Defendants knew of the amounts owed to Plaintiff
10  NAS.  Notwithstanding this knowledge, Defendants intentionally, willfully, fraudulently, and
11  maliciously did the things herein alleged to defraud and oppress Plaintiff.  Plaintiff is therefore
12  entitled to exemplary or punitive damages.

13                           TENTH CAUSE OF ACTION

14                                CIVIL RICO

15           (Against Defendants HS Lee, SB Park, MJ Lee and June Kim)

16        91.      Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1
17  through 90, inclusive, by reference thereto as if fully set forth herein.

18        92.      The following applies to the periods in question: Defendants HS Lee and SB Park
19  resided in Korea but spent times in the U.S. Defendants HS Lee and SB Park together directly and
20  indirectly, through other entities including Maxfield, Inc. and Mad Fish Pier39, Inc., owned and
21  controlled the Madfish Restaurant Companies. Defendant Moon Joo Lee, residing in the Bay Area,
22  operated and managed the Madfish Restaurant Companies as well as Mad Fish Pier39, Inc.
23  working for his parents, Defendants HS Lee and SB Park. Defendant MJ Lee regularly discussed
24  with his parents, the owners, about the business affairs of the Madfish Restaurant Companies.
25  Defendant MJ Lee in turn hired and managed bookkeeper June Kim and head waiter JH Kim (not
26  related with foregoing June Kim) to help with the operation of the Madfish Restaurant Companies.

27

28

SONG & LEE LLP
4633 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

SM/ NAS v. LEE ET AL.

1  Bookkeeper June Kim handled administrative matters while headwaiter JH Kim handled operating

2  the dining floors of various Madfish Restaurant Companies.

3      **93.**    Together, these defendants devised, put into place and practice and extensively used

4  the arrangement which had two components to it. First, Defendant Lees would transfer their funds

5  and would cause the Madfish Restaurant Companies to transfer the companies' funds into the bank

6  accounts of Defendants June Kim and JH Kim for no considerations.  In so doing, the Lees were

7  able to shield the funds from the reaches of creditors such as Plaintiff NAS.

8      **94.**    Second, then, the Defendant Lees would use so-transferred funds of June Kim and

9  JH Kim held in custody of such bank accounts to transact their businesses and to pay for their

10  personal uses. The Defendant Lees would do so by obtaining so-concealed funds by false pretense

11  and fraud – that is, by forging the signatures of Defendants June Kim and JH Kim or cause wire

12  transfers or pay by debit cards by false pretense.

13      **95.**    By using this arrangement, Defendant Lees were able to keep their funds and the

14  funds of Madfish Restaurant Companies away from the reaches of the creditors, while themselves

15  having the full access to obtain the so-concealed funds for their own use at any time of their

16  choosing.  The Lees employed this arrangement with cooperation and full support of Defendants

17  June Kim and JH Kim.

18      **96.**    Defendants HS Lee and SB Park are the ones who originally devised, put in place

19  and first used the arrangement.  As such, under the arrangement, by May, 2008, Defendants HS

20  Lee and SB Park, had already transferred funds into a checking account of Defendant June Kim;

21  for on May 30 and June 1, 2008, they forged June Kim's signature to issue checks $9,500 and

22  $9,800 respectively from her account to Mad Fish Pier39, a company controlled by Defendants

23  HS Lee and SB Park.

24      **97.**    Continuing their arrangement, Defendants HS Lee and SB Park subsequently

25  transferred additional funds to Defendant June Kim at least as follows: June 24, 2009, $5,000; June

26  24, 2009, another $5,000; June 25, 2009, $5,200; June 25, 2009, another $5,200; July 1, 2009,

27  $3,200; July 1, 2009, another $3,200; July 8, 2009, $5,100; July 1, 2009, another $5,000; July 8,

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3108; FAX: (408)748-3309

1    2009, $5,000; July 17, $3,000; Nov. 12, 2009, $2,000; Nov. 20, 2009, $1,000; Nov. 24, 2009,

2    $3,500; March 9, 2010, $2,000; July 2, 2010, $2,000; July 30, 2010, $3,000; and November 23,

3    2010, $1,000, altogether totaling in the amount of $59,400.

4       **98.**    Defendant MJ Lee expanded the use of the arrangement of using employees' and

5    associates' bank accounts to conceal assets from the reaches of creditors, while managing the

6    Madfish businesses for his parents.

7       **99.**    Thus, Defendant June Kim frequently deposited cash funds into her accounts with

8    Union Bank N.A. As discussed above, in 2010-2012, there were numerous cash deposits made to

9    three bank accounts opened by Defendant June Kim, totaling approximately $270,000. Defendant

10   June Kim at times deposited cash only to have the bank issue a cashier's check.  As such, in one

11   instance, a cash deposit of $12,000 was made into the bank account under the name of June Kim

12   (then June Jang using married name) at the Redwood City branch of Union Bank on March 23,

13   2010 only to be withdrawn as a cashier's check on the same day.

14      **100.**   Defendants Lees then fraudulently and by false pretense obtained the funds

15   deposited into Defendant June Kim's bank account; Defendants Lees at times paid for obligations

16   of the Madfish Restaurant Companies, by falsely issuing checks with forged signature of June Kim

17   or by false pretense using debit cards issued June Kim, including payments to Costco, Jetro, ABS

18   Seafood, as well as frequent payments to the Lees' attorneys and even to Seraphina Jang. By using

19   this arrangement, Defendants Lees were able to operate their Madfish Restaurant Companies by

20   selectively paying certain obligations as needed while concealing the funds from reaches of their

21   creditors.

22      **101.**   As such, on one occasion, on December 5, 2011, Defendant MJ Lee even issued a

23   check, forging June Kim's signature, to pay sales tax for ISIF Madfish to California Board of

24   Equalization in the amount of $14,000. On June 14, 2012, Defendant MJ Lee forged June Kim's

25   signature to issue from June Kim's checking account to pay a vendor in the amount of $819.28.

26   On October 4, 2012, Defendant MJ Lee forged June Kim's signature to issue two checks from the

27

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

-21-
FOURTH AMENDED COMPLAINT

SM/ NAS v. LEE ET AL.

1  account of June Kim, one to himself and the other to Defendant SB Park, in the amount of $200

2  and $300, respectively.

3      **102.**    The same arrangement (Defendants Lee's issuing check from June Kim's account

4  by forging her signature) was repeatedly used many more times: $500 to Seraphina Jang on Nov.

5  3, 2012; their lawyer on Nov. 3, 2012, $500 and on Nov. 30, 2012, $2,000; the community college

6  payment on Nov. 20, 2012, $795.67; $2,000 on Jan. 7, 2013, $500 on Jan. 14, 2013, $1,500 on

7  Feb. 12, 2013, $500 on March 12, 2013, $500 on March 15, 2013, $500 on March 25, 2013, $512

8  on March 28, 2013, $1,500 on Apr. 1, 2013, $2,036 on Apr. 3, 2013, $2,048 on Apr. 8, 2013,

9  $1,500 on May 6, 2013, $1,000 on May 11, 2013, etc. all by check with forged signature of June

10  Kim paid to Seraphina Jang.

11      **103.**    Defendants Lees also obtained the funds in the June Kim's accounts for personal

12  uses by using under false pretense the debit cards such as frequently shopping at department stores

13  as Macy's, Nordstrom, Banana Republic, Brookstone, Ann Taylor, etc.

14      **104.**    Each of such instances, numbering in dozens, where Defendant Lees wrote a check

15  with forged signature of Defendant June Kim, used June Kim's debit cards or made wiring under

16  false pretense *is an act* violating 18 U.S.C. §1344, Bank Fraud, in that Defendants Lees obtained

17  the monies in June Kim's accounts under the custody of the Union Bank using false signature of

18  June Kim (in respect of forged checks), or under false pretense of being June Kim (in respect of

19  wired funds and debit cards).  The aforementioned Bank Fraud activities, including fraudulent

20  escrow checks (referred in paragraphs 83-84) collectively constitute the racketeering activities

21  prohibited under 18 U.S.C. §1961.

22      **105.**    Each of Defendants HS Lee, SB Park, MJ Lee and June Kim is employed or

23  associated with the Madfish Restaurant Companies.  Defendants HS Lee and SB Park are the

24  founders, owners, and controlling persons of the Madfish Restaurant Companies.  Defendant MJ

25  Lee is the chief operating person and general manager operating the same for his parents

26  Defendants HS Lee and SB Park. Defendant June Kim is the bookkeeper employed by Defendant

27  MJ Lee to work on the administrative matters of the Madfish Restaurant Companies.

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

106.   As a proximate result of Defendants' arrangement of using an employee's bank account to conduct their own business affairs, Plaintiff NAS was damaged in that Defendants have been able to hide and conceal their assets away from Plaintiff NAS's reaches and continue to conduct their affairs, including the business affairs of the Madfish Restaurant Companies, and in that Plaintiff NAS had to expend significant sums to investigate and divulge the arrangements.

107.   For example, Defendants Lees were able to pay on going obligations, including personal obligations such as payments to Seraphina Jang or business expenses such as sales tax payments to Cal. Board of Equalization using funds concealed in June Kim's bank account; however, when Plaintiff NAS sued for unpaid trade payables, Defendant Lees simply bankrupt ISIF Madfish after having sold or closed the other Madfish Restaurant Companies keeping the same funds away from Plaintiff NAS's reaches.  As such, the Defendant Lees' ability to use and obtain funds of June Kim's bank accounts were crucial in enabling Defendant Lees' avoidance of Plaintiff NAS's collection efforts both against the Madfish Restaurant Companies and the Lees. And, Plaintiff NAS would have not had the chance to collect the unpaid trade payables and prejudgment interests as well as collection costs, had Plaintiff NAS not expended significant sums in investigating all of convoluted Bank Frauds.

108.   Plaintiff NAS became aware of the above-described facts (including fund transfers between Defendants Lees, June Kim, and JH Kim, the use of the funds, and Defendant MJ Lee's conduct in forging signatures) on or about September 1, 2014, i.e. when it acquired possession of the check copies and bank records.  Within a year from the date of acquiring the possession of the check copies and bank records, the Defendants appealed from the default judgments thereby placing the present case in automatic stay because the pending appeal would have affected the default judgment from which the Defendants took appeal, which made it impossible for NAS to add this RICO Cause of Action to the pleadings.

109.   Plaintiff NAS seeks to recover so-incurred attorney's fees as part of damage pursuant to the contracts.

ELEVENTH CAUSE OF ACTION

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 250
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

SM/ NAS v. LEE ET AL.

CONSPIRACY TO CIVIL RICO

(Against the Swartz, M. Seo, JHK, JYK, John Kim and DOES 6-10)

110.    Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1 through 109, inclusive, by reference thereto as if fully set forth herein.

111.    This cause of action is brought under 18 U.S.C. § 1962(d), interpreted by Salinas v. United States (1997) 522 U.S. 52, 65 and United States v. Fernandez (9th Cir. 2004) 388 F.3d 1199, 1230.

112.    Swartz and M. Seo knowingly agreed to facilitate the scheme explained above under Tenth Cause of Action (the "RICO Scheme"). Swartz and M. Seo intended to further the RICO Scheme   Swartz and M. Seo adopted the goal of furthering and/or facilitating the RICO Scheme. Swartz and M. Seo were also aware of the essential nature and scope of the RICO Scheme and intended to, and did, participate in the RICO Scheme.

113.    JHK conspired to commit RICO Scheme and intended to further and facilitate, and in fact furthered and facilitated, the said scheme.   To wit, JHK's bank account was used by MJ Lee to deposit other Little Madfish Restaurants' money and then further used to pay JH Kim's, and possibly others', wages and "employee loans."

114.    For example, in June and July 2014 (before JHK even signed the September 1, 2014 Lease), JHK issued four checks to JH Kim for "payroll" and "employee loan." This is even though JHK did not yet operate any business and had no legal possession of the restaurant premises.  What happened in fact was that MJ Lee deposited his Madfish Restaurant's sales receipts into JHK's bank account to hide from creditors, including NAS, and forged JH Kim's signatures in using the funds so deposited, exposing the bank to bank fraud.  JHK accepted the money on its bank account fully aware of the nature and scope of the RICO Scheme, and benefited from participating and facilitating the scheme because, among others, it received the money without giving anything in return, and because JH Kim (JHK's then sole owner) was MJ Lee's strawman in incorporating JHK.

SONG & LEE LLP
4633 Old Ironsides Dr., Sta. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3109

115. M. Seo, the real estate salesperson, also conspired to commit RICO Scheme by furthering and facilitating it. She had previously helped MJ Lee sell Town & Country Madfish, Inc., one of Madfish Restaurant Companies. Based on their prior dealings, MJ Lee and M. Seo referred to the Madfish Restaurant Company as "Vacaville sale".

116. MJ Lee controlled and operated the Madfish Restaurant at 43337 Christy St., Fremont, California since June, 2014. (ISIF Madfish, Inc. that had been operating the Little Madfish business at the location had quit operating by the end of May, 2014 and JHK Pacific Common did not obtain lease for the location until September 1, 2014.) While operating the Little Madfish business since June, 2014, MJ Lee negotiated with the landlord of the premises for a new lease. He then transferred the right to the new lease to JHK Pacific Common, Inc. on or about September 1, 2014. Together with the new lease right, MJ Lee also transferred on or about September 1, 2014 the following assets: the business method and plan, the on-going business goodwill, the right to use his then-federally registered and valid trademark "Little Madfish" (U.S. T.P.O. Reg. # 3,683,874) (which was one of the conditions for the aforementioned new lease from the landlord as specified in the new lease), the right to use his website, www.littlemadfish.com (collectively, "Transferred Assets") and the use of the ABC License (an On-Sale Beer and Wine – Eating Place, #41-470139).

117. The Transferred Assets were valuable in that the business which comprised of the Transferred Assets performed very profitably (the business grossed approximately $155,000 in June, $151,000 in July, $149,000 in August, $136,000 in September, and $135,000 in Oct. 2014, while netting profits of $35,754 in June, $32,076 in July, $31,191 in August, $27,017 in September, and $26,245 in Oct. 2014). Of the Transferred Assets, the tradename "Little Madfish" was very substantial, if not the crucial element, as the lease explicitly requires it (in Section "9.1 Permitted Trade Name and Use. Tenant shall use the Premises solely under the trade name specified in Section 1.13 and shall not use the Premises under a different trade name without Landlord's prior written consent . . ." and Section "1.13 Tenant's Trade Name: Little Madfish (Article 9)"); but for

1   the tradename, the lease would not have been given and without the lease, the business would not

2   have any value.

3       **118.**   Also for such profitable businesses, MJ Lee on prior occasions had charged

4   $200,000 – 300,000 for half of equivalent rights (for other Madfish Restaurants sold to third parties

5   in Redwood City and Vacaville and previous Fremont location) and over $700,000 for another

6   Madfish restaurant location in Dublin.  Yet, MJ Lee did not receive anything from JHK Pacific

7   Common, Inc. in return for the Transferred Assets.  Instead, he caused JHK Pacific Common to

8   issue stock to JH Kim, his employee, a dining hall floor manager.  This was part of the scheme to

9   defraud his creditors by instead having JH Kim, sell and subsequently take monies out of the bank

10  accounts opened under JH Kim's name, committing bank fraud in the process.

11      **119.**   MJ Lee then, in or about early October, 2014, contacted M. Seo to list JHK Pacific

12  Common for sale.  M. Seo knew that it was MJ Lee who was the actual seller.  Yet, MJ Lee and

13  M. Seo (together with JH Kim) pretended that the stock shares of JHK Pacific Common was

14  wholly owned by JH Kim.  For example, from mid-October, 2014, MJ Lee and M. Seo frequently

15  communicated through emails, electronic chat application (named Kakao Talk), and calls to set

16  the major terms of the deal.  When contacting through emails, MJ Lee would initially email to M.

17  Seo using his own email account, i.e., mjlee2003@hotmail.com, but as discussions progressed,

18  MJ Lee used JH Kim's email account, i.e., davidinthehouse77@gmail.com, sending multiple

19  emails to a number of entities and individuals.  (MJ Lee's use of JH Kim's email account together

20  while in Korea to commit fraudulent schemes also constitute wire frauds, another set of predicate

21  acts under RICO statute.)

22      **120.**   On or about October 25, 2014, Swartz entered into the agreement with JH Kim to

23  purchase JHK Pacific Common for $600,000, which was subsequently amended three times, the

24  last amendment executed on Dec. 3, 2014.  The parties divided the transaction into two-integrated

25  steps: First, Swartz would buy the shares of JHK Pacific Common from JH Kim for $600,000; and

26  second, MJ Lee would cause the Fremont Madfish to transfer the ABC License to JHK Pacific

27  Common for approximately $1,000.

28

SONG & LEE LLP
4633 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

121.   On December 23, 2014, the parties opened escrows for both transactions with Bay Area Escrow Service, with Anna Luce, acting as the escrow officer. The first escrow, i.e., for the sale of the stock shares of JHK Pacific Common was escrow #939736AL; the second escrow, i.e., for the transfer of the ABC License was escrow #1412729AL.   The parties structured the transaction in such two-step integrated parts, fully aware of the fact that MJ Lee was trying to avoid his personal liabilities arising from his involvement with ISIF Madfish, another company previously operated the Fremont Madfish Restaurant at the same location, which MJ Lee caused to file for bankruptcy.

122.   M. Seo presumably learned of this by September 15, 2014 when JH Kim (or MJ Lee using JH Kim's email account) sent an email titled "regarding BK – Jun Ho Kim (Little Madfish Automall)", the body of which is redacted by M. Seo.  Swartz also learned of this fact at least by Nov. 22, 2014 evinced by the email string involving MJ Lee, M. Seo (seller's broker), Yi Soo John Kim (Swartz' broker), and Swartz himself.  In that email chain, all dated on Nov. 22, 2014, MJ Lee started out by answering "buyer's questions", the first item of which was "1. The Buyers are concerned on the Previous Company BK 7. Buyer wants to know this was due to the any management issues on this business or any contractual issues with the landlord?", to which MJ Lee cavalierly explained "Answer: There is not any issues on management on this business or any contractual issues with the Landlord.  If they have any issues, landlord would not give a new lease for same [sic] management and business name."

123.   Throughout the email chain started by, above-mentioned, MJ Lee's in-line answers to "buyer's questions", MJ Lee, *not* JH Kim, was openly recognized as the "seller"; in fact, JH Kim, the purported seller of the transaction, was *not even copied* on the email thread with Yi Soo John Kim, the buyer (Swartz) broker, cavalierly forwarding the email to Swartz, with a terse comment, "Hi Clay, Please find the answers from the *seller* on your questions . . ." (italics added) on the same day.  During the email thread, no one raised any need to get answers or confirmation from JH Kim.

124.   The previous company BK filing is the method to be dissolved and leave no

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1   personal liability." That email dated November 22, 2014 was not a fluke. The parties openly

2   discussed this, e.g., at least one more email string on December 15, 2014 confirmed this: when M.

3   Seo forwarded to the buyer's (Swartz) broker (Yi Soo "John" Kim) another email from Junho

4   Kim's email account, which contained the following message: "First of all, one of the main reason

5   [sic] for BK was Mr. Lee didn't want to have any personal liability if may have [sic]. Second, he

6   wanted to clear all tax issues if may have [sic]. Also, he disclosed previous company's BK to the

7   landlord to avoid any unnecessary misunderstandings. That is why you can see the BK process in

8   the lease, which buyer found previous company's BK in the lease."

9       125.   While the two escrows were opened separately, the parties treated the escrows as

10  parts of an integrated single transaction, i.e., the sales of Fremont Madfish Restaurant. As such,

11  the same brokers represented in both transactions and simultaneously handle both escrows. For

12  instance, on December 30, 2014 at 4:50 p.m., Yi Soo "John" Kim, the broker for buyer Swartz,

13  wrote an email to Swartz, copying Anna Luce, the escrow officer of Bay Area Escrow Service,

14  stating "Hi Clayton, I had a meeting with Anna Luce . . . for our transaction and needed your

15  attention and action; 1. A letter from you mentioning who is president and secretary of the

16  corporation and shares of each [. . .] 4. Escrow for stock transfer will be closed on January 16,

17  2015. Just right after stock transfer is completed ABC License to be transferred from previous

18  corporation to JHK Pacific Common, Inc. under your name(s) are as an officer(s)."

19      126.   Similarly, on January 6, 2015, Swartz's broker, Yi Soo "John" Kim, sent an email

20  listing four (4) bullet points of to-do list, containing tasks for both escrows, reminding to the

21  escrow officer, "1. Buyer changed the share holder; Mr. Clayton Schwartz [sic]: 55% as

22  CEO/President Ms. Haeng Cha Schwartz [sic]: 45% as COO/Secretary", indicating the planned

23  shareholding structure following the close of the first escrow, but also adding "3. Current ABC

24  License under name of ISIF MASFISH, INC [sic] to be transferred to JHK (Jun Ho Kim) as soon

25  as possible in order not to hurt the Buyer's operation after COE. Any fees/expenses incur [sic] for

26  the transfer to be paid by the seller." In response, M. Seo, seller's broker, sent email on Jan. 6,

27  2015, corrected and further negotiated, "as sent you email [sic], acb lic [sic] transfer should be to

28

SONG & LEE LLP
4633 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3108; FAX: (408)748-3309

1  new buyer name not ju ho kim [sic], and it is buyer's responsibility to pay any fees" and "Let's set

2  the ABC value of $500 and add to the demand for ABC escrow."

3     **127.**  For the reasons stated above and others, Swartz, Yi Soo John Kim, JHK Pacific

4  Common, and M. Seo all conspired with, and knowingly participated in MJ Lee's scheme of

5  fraudulent transfer.  They all knew MJ Lee (and not JH Kim) was the real seller of the business

6  (valued at $600,000) and they also knew MJ Lee caused the bankruptcy of the previous corporation

7  to avoid personal liability; in effect, they knew MJ Lee had an asset whose agreed-upon value was

8  $600,000 and avoided personal liability.  Yet, they all helped and facilitated MJ Lee's transfer of

9  the $600,000 worth business while avoiding his personal liability, using JH Kim and/or June Kim

10  and JHK Pacific Common, rather than using the monies ($600,000) to pay off the previously

11  avoided personal liability.  In so doing, each one of them violated Pen. Code § 531 (facilitating

12  fraudulent transfer).

13     **128.**  Notwithstanding such plain fact and betraying their own knowledge, they all agreed

14  to superficially structure the transaction to name, and agreed to name, JH Kim as the "seller" for

15  the purpose of the First Escrow, thereby, facilitating at least one more predicated act of the above-

16  described bank fraud RICO (by the issuance of the check of $307,989 in JH Kim's name on

17  January 15, 2015) and agreeing to facilitate many more predicated acts of issuing checks to JH

18  Kim's or June Kim's name further causing many more bank fraud RICO (by means of the issuance

19  of the promissory note in the amount of $268,376.17 which requires monthly issuance of checks

20  to JH Kim in the amount of $7,804.70).  In so doing, each one of them violated Pen. Code § 182

21  (conspiracy to commit crime, the crime being the bank frauds).

22     **129.**  NAS became aware of the sales of MJ Lee's business to Swartz on or about March

23  15, 2015.

24                              TWELFTH CAUSE OF ACTION

25                                  VICARIOUS LIABILITY

26                              (Against Siddique and DBR).

27

28

SONG & LEE LLP
4633 Old Ironside Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3108; FAX: (408)748-3109

130.    Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1 through 129, inclusive, by reference thereto as if fully set forth herein.

131.    Siddique is liable for M. Seo's actions as the listing and supervising broker for the transactions described herein above.  DBR is liable for M. Seo's action as the successor of the liability of Titan, the previous employer of M. Seo, as M. Seo was acting within her scope of employment as the salesperson in respect of the actions alleged herein above.

132.    Moreover, M. Seo's conducts benefited Siddique and Titan in that they received profits from M. Seo's above-alleged activities in respect of the above-described transactions and related activities.

### THIRTEENTH CAUSE OF ACTION
#### SUCCESSOR-IN-INTEREST LIABILITY
(Against JHK Pacific Common)

133.    Plaintiff NAS hereby re-alleges and re-states the allegations in paragraphs 1 through 132, inclusive, by reference thereto as if fully set forth herein.

134.    JHK Pacific Company is a successor-in-interest to MJ Lee's business by reason of transfer of the Transferred Asset without MJ Lee's receiving anything in return as consideration. JHK Pacific Company is liable to NAS to the same extent and same degree as MJ Lee by reason of its status as the successor-in-interest, in addition to JHK Pacific Company's liabilities by other reasons and breaches stated above.

#### STATEMENT RESERVING RIGHT TO PUNITIVE DAMAGE

135.    At all times mentioned herein, Defendants knew of the unpaid trade payables owed by Madfish Restaurant Companies to Plaintiff and knew that the unpaid trade payables could only be satisfied out of the profits and corporate funds and/or sales proceeds of Madfish Restaurant Companies.  Notwithstanding this knowledge, Defendants intentionally, willfully, fraudulently, and maliciously did the things herein alleged to defraud and oppress Plaintiff.  Plaintiff is therefore entitled to exemplary or punitive damages.  Plaintiff hereby gives notice to Defendants that

SONG & LEE LLP
4633 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

1    Plaintiff NAS reserves the right to seek punitive damages when Plaintiff NAS seek a judgment in

2    the suit filed against the Defendants.

3                                PRAYER FOR RELIEF

4          WHEREFORE, Plaintiff NAS prays for judgment against each and every Defendant,

5    jointly and separately, as follows:

6    On the First, Second, Third, Fourth, Twelfth and Thirteenth Causes of Action:

7         1.      Damages in the amount of approximately $1,000,000 or more, inclusive of all

8    collection costs, to be proven at trial;

9         2.      Prejudgment interest at the contract rate of 18% per annum;

10        3.      Punitive damages;

11    On the Fifth, Sixth and Seventh Cause of Action:

12        4.      Damages in the amount of approximately $71,177 or more to be proven at trial;

13        5.      Prejudgment interest at the contract rate of 18% per annum;

14    Eighth and Ninth Causes of Action

15        6.      Order and decree that any direct, nominal, indirect or constructive transfers of the

16    trademark "Little Madfish", business know-how, the website, and any and all associated assets,

17    including goodwill, or any interests therein, including legal title and any replacement properties,

18    (collectively, the "Assets") be set aside and declared void as to Plaintiff NAS herein to the extent

19    necessary to satisfy the personal liabilities of Defendant MJ Lee;

20        7.      Order and decree restraining Defendant JHK Pacific Common. and its

21    representatives, attorneys, employees and other agents from selling, transferring, conveying,

22    assigning, damaging, tampering, injuring, devaluing or otherwise taking any actions which may

23    result in adverse effects to the Assets;

24        8.      Order and decree declaring the judgment herein be lien on the Assets;

25        9.      Order and decree decreeing Defendant JHK Pacific Common holds the Assets in

26    trust for Plaintiff NAS;

27       10.      Damages in the amount of approximately $870,000 or more to be proven at trial;

28

SONG & LEE LLP
4631 Old Ironsides Dr., Ste. 260
SANTA CLARA, CA 95054
TEL: (408)748-3308; FAX: (408)748-3309

11.    Prejudgment interest at 18%, the contracted rate;

12.    Punitive damages

Tenth, Eleventh, Twelfth and Thirteenth Causes of Action

13.    Treble damages in the amount to be proven at trial;

On All Causes of Action:

14.    Reasonable attorney's fees;

15.    Costs of suit; and

16.    For such other and further relief as the Court may deem just.

//

//

Dated: December 26, 2018

SONG & LEE, LLP

Brian H. Song, Esq. (SBN 188662)
Attorneys for N.A. Sales Company, Inc.

-32-
FOURTH AMENDED COMPLAINT

SM/ NAS v. LEE ET AL.

Exhibit 1

Date: August 5, 2010

From MJ Lee to Na Sales

Here is my understanding as we discussed today.

- I will pay cashier check when deliver our order for 4 locations (Fremont Automall, Fremont downtown, San Ramon and Vacaville) and minimum $ 250 / each location, which will be minimum $ 4000 additional payment to deduct our balance.

- NA sales hold all checks, which is including all post-dated, past checks, even if Thomas has it now.

- Also, I will bring my parents check, which amount will be $ 200,000 to hold to see our next six months payment status. This check will be post-dated check January 5th, 2011, NA sales shall not deposit, if I keep the promise.

- We will place order every Thursday or Friday, we expect to get a delivery by early next week (Monday or Tuesday). Also, Vacaville check can pick up at Fremont Downtown, since it will be delivered from Sacramento NA sales.

- We need to verify our total balance, our company accountant; June will work with your company, Sachiko. Now our current past balance is a little bit confusing, because we paid to NA Sales and personally to Thomas. Also we are not sure how much Thomas paid his own money to NA sales to pay off our balance. I understand it takes time to verify all checks we made to Na sales but we would like to know clearly what the total balance. Until we verify total balance, I trust NA Sales' our current pending balance.

MJ Lee

X _____  NA Sales

121302 028

Attention to: NA Sales

I, MJ Lee would like to notify Na Sales as of today (August 5, 2010) will be a new guarantor and CEO for Bishop Ranch Gateway, Inc. dba Little Madfish (154 Sunset Dr. San Ramon, CA 94583) and Fremont Gateway, Inc. dba Madfish (39350 Paseo Padre Pkwy. Fremont, CA 94538).

I, MJ Lee will take all liability, past and future balances of Na Sales.

Previous CEO, Hyeong Geon Lee resigned from above two corporations and transferred all liabilities to MJ Lee as of July 31, 2010.

Please fax us new credit application and personal guarantee form promptly.

Thank you.

MJ Lee

CEO

Fremont Gateway, Inc.

Bishop Ranch Gateway, Inc.

Office: (510)494-1675

Fax: (510)494-1674

Mobile: (415)595-1139

121305 025

Exhibit 2

05/02/2018 17:39 FAX                                                                    ⊠003/005

FROM                                    (THURSAUG 27 2008 11:59/ST. 11:57/No. 7803785708 P  2

# N.A. SALES COMPANY, INC.

301 E. GRAND AVE., SOUTH SAN FRANCISCO, CA 94080 • TEL: (650) 827-2020 • FAX: (650) 827-2024 • www.nasales.com

## CREDIT APPLICATION

MA006520

THE APPLICANT SEEKS A CREDIT LIMIT OF $ _____

**GENERAL INFORMATION**

Business name  Fremont  Gateway Inc          Phone ( 408 ) 396 - 0852

D.B.A.   MADFISH                              Fax  (510 )  796 - 4176

Business Address  39350  Paseo  Padre  Pkwy

City   Fremont                               State  CA.  Zip  94538

Billing Address (if other than above) _____

                                             State ____  Zip ____

Contact Person   Jimmy  Kim                  Title  General  Manager

Phone ( 408 ). 396 - 0852 Fax (       ) __    E-mail _____

11/25/09

Please open

a new acct.

for this customer

Thank you.

Sales: Thomas

Form of Business Organization
☐ Sole Proprietorship (Single Owner)
☐ Partnership
  Written partnership agreement?  Yes    no      Date of Agreement:  /  /
☒ Corporation (type of corporation: ____ )       Date Incorporated:  /  /

Identify all Owners, Partners, or Officers

Name  Hyeong  (yeon)  Lee                    Title  CEO
Address  6678  Divene  Pl.                    SSC#  624-22 -7726
         San Jose. CA. 95120                  Phone( 408 )268-1909

Name _____                              Title _____
Address _____                           SSC# _____
                                             Phone(      ) __  - __

Name _____                              Title _____
Address _____                           SSC# _____
                                             Phone(      ) __  - __

Name _____                              Title _____
Address _____                           SSC# _____
                                             Phone(      ) __  - __

Seller's Permit Number  SR  CH  101 - 324540
Alcoholic Beverage License Number   481422)
Tax ID Number  20 - 0962861
Organization Number (if any) _____

How long in business? _____  Same Owner? _____  Same Location? _____

Internal use only (Applicant should NOT write in this box)
Date application received:  /   /        Account number _____
☐ APPROVED    ☐ REJECTED   ☐ REQUESTED ADDITIONAL INFOMATION
If approved, Date:  /   /     Credit Limit $ _____  Reviewed By _____
If rejected, Reason _____

FAXED

Credit Application Form              Page 1 of 2

IMPORTER-WHOLESALE DISTRIBUTOR • LOS ANGELES • NEW YORK

17 1303001

2016 17:39 FAX @004/005

CT(H) AUG 27 2009 11:50/ST.11:57/No.7502780760 P 6



# N.A. SALES COMPANY, INC.

301 E. GRAND AVE., SOUTH SAN FRANCISCO, CA 94080 • TEL.: (650) 827-2020 • FAX: (650) 827-2021 • www.nasales.com

**BANK (DEPOSIT) REFERENCE**

(Please authorize your bank to confirm the information you are giving creditor)

Bank __Union Bank__          Branch __Redwood, CA__
Phone (__)__238 - 4486__ Fax (      )          E-mail
Type of Account: __checking__   Account Number __166 00221198__
This Account Opened (__0  1.09__)   Customer Since __10 70 91__
Average daily balance (past three years or since account opened if less than three years)

**TRADE REFERENCES**

Firm Name                          Phone (      )
Address                            Fax   (      )
                                   E-mail

Firm Name                          Phone (      )
Address                            Fax   (      )
                                   E-mail

Firm Name                          Phone (      )
Address                            Fax   (      )
                                   E-mail

**CREDIT CARD INFORMATION**

Type of Credit Card  ☐VISA ☐MASTER ☐JCB ☐AMEX  Cardholder's Name
Credit Card Number                              Expiration Date    /
Address

**AGREEMENT**

This credit application is submitted by Customer to N.A.Sales Co., Inc. (hereafter "N.A.Sales"). Customer understands N.A.Sales's credit terms and agrees to make payment in full to N.A.Sales for all amounts due according to N.A.Sales' invoice(s). Customer also agrees to pay to N.A.Sales, as interest, an amount equal to 1.5% per month for invoice amounts three days past due. Should Customer default in any such payment(s), N.A.Sales shall have the right without notice to Customer to declare all invoice amounts due and payable. In the event N.A.Sales should commence any action(s), or otherwise seek to enforce this agreement against Customer or any Guarantor, Customer agrees to pay reasonable attorney(s) fees, collection fees, court costs and other expenses incurred by N.A.Sales, whether not suit is filed.

The undersigned also authorizes release of all credit information requested by N.A.Sales. This form be reproduced and a faxed copy shall be as effective consents as the original, which has signed. The undersigned also authorized N.A.Sales to charge to the credit card for all past due invoices or insufficient checking account.

Signature __Hyung Lee__                Date __11-24-09__
Name __Hyeong Kwon Lee__          Title __CEO__

12 130300 2

# N.A. SALES COMPANY, INC.

301 E. GRAND AVE., SOUTH SAN FRANCISCO, CA 94080 • TEL: (650) 827-2020 • FAX: (650) 827-2021 • www.nasales.com

## CREDIT APPLICATION

C182920

9/24/08

To Joanie
Sales man:
T. LU

THE APPLICANT SEEKS A CREDIT LIMIT OF $ _____

**GENERAL INFORMATION**

Business name  ISJE Health Inc.          Phone (510) 651 -9080

D.B.A.  Little Mad Fish          Fax  (510 )651 -9002

Business Address  44332 Christy St.

City  Fremont          Suite  00   Zip  94538

Billing Address (if other than above) _____

State _____  Zip _____

Contact Person  Eugene Im          Title  Director of Operation

Phone (510 )___-____ cell   Fax ___)___-____   E-mail _____

**Form of Business Organization**

☐ Sole Proprietorship (Single Owner)

☐ Partnership

    Written partnership agreement?  Yes  no          Date of Agreement  /  /

☒ Corporation (type of corporation)           Date Incorporated  4 /15 /2008

Identify all Owners, Partners, or Officers

Name  JO  Chong          Title  CEO

Address  10995 Dublin Blvd #152          SSC#  ___-__-____

Dublin, CA 94568          Phone (925 )360-1856

Name _____          Title _____

Address _____          SSC# _____

    Phone ( )___-____

Name _____          Title _____

Address _____          SSC# _____

    Phone ( )___-____

Name _____          Title _____

Address _____          SSC# _____

    Phone ( )___-____

Seller's Permit Number  on processing

Alcoholic Beverage License Number _____

Tax ID Number  26 - 279 1745

Organization Number (if any) _____

How long in business? _____  Same Owner? _____  Same Location? _____

| Internal use only (Applicant should NOT write in this box) | | |
|---|---|---|
| Date application received:  /  / | Account number _____ | |
| ☐ APPROVED   ☐ REJECTED | ☐ REQUESTED ADDITIONAL INFORMATION | |
| Response Date  /  / | Credit Limit $ _____  Reviewed By _____ | |
| Employee(s) Reason _____ | | |

FAXED
9/23/08

Credit Application Form          Page 1 of 2

IMPORTER-WHOLESALE DISTRIBUTOR • LOS ANGELES • NEW YORK

121303003

07/05/2008  05:51                                                    #0028 P.002 /002



# N.A. SALES COMPANY, INC.

201 E. GRAND AVE., SOUTH SAN FRANCISCO CA 94080 – TEL (650)827-2020 – FAX (650) 827-2024 – www.nasales.com

**BANK (DEPOSIT) REFERENCE**
(Please authorize your bank to confirm the information you are giving credit to)
Bank Washington Mutual_____ Branch Fremont, CA
Phone (      )___ –___ Fax (      )___ –___ E-mail ___
Type of Account: Checking_ Account Number 3581384667
This Account Opened: OCT 2008_ Customer Since __/__
Average daily balance (past three years or since account opened if less than three years): N/A

**TRADE REFERENCES**
Firm Name IMP Foods_____ Phone (510)429-0600
Address 650 Delta Ct. Hayward, CA 94545 Fax (510)429-4201
                                              E-mail ___
Your Name ___ Phone (      )___ –___
Address ___ Fax (      )___ –___
                                              E-mail ___
Firm Name ___ Phone (      )___ –___
Address ___ Fax (      )___ –___
                                              E-mail ___

**CREDIT CARD INFORMATION**
Type of Credit Card   ☐ VISA  ☐ MASTER  ☐ JCB  ☐ AMEX   Cardholder's Name ___
Credit Card Number ___ Expiration Date __/__
Address ___

**AGREEMENT**
This credit application is submitted by Customer to N.A. Sales Co., Inc. (hereinafter "N.A. Sales"). Customer understands N.A. Sales' credit terms and agrees to make payment in full to N.A. Sales for all amounts due according to N.A. Sales' invoice(s). Customer also agrees to pay to N.A. Sales, as interest, an amount equal to 1½% per month for invoice amounts those are past due. Should Customer default in any such payment(s), N.A. Sales shall have the right without notice to Customer to declare all invoice amounts due and payable. In the event N.A. Sales should commence any action(s), or otherwise seek to enforce this agreement against Customer or any third party, Customer agrees to pay reasonable attorney(s) fees, collection fees, court costs and other expenses incurred by N.A. Sales, whether not suit is filed.

The undersigned also authorizes release of all credit information requested by N.A. Sales. This form be reproduced and a faxed copy shall be as effective consents as the original, which has signed. The undersigned also authorized N.A. Sales to charge to the credit card for all past due invoices or insufficient checking account.

Signature ___ Date 9/20/08

Print Jo Chang_ Title CFO

121303004

FROM                                    (THU) AUG 27 2009 11:59/ST. 11:57/No. 7602789766 P 9

# N.A. SALES COMPANY, INC.

301 E. GRAND AVE., SOUTH SAN FRANCISCO, CA 94080 · TEL: (650) 827-2020 · FAX: (650) 827-2021 · www.nasales.com

## CREDIT APPLICATION

V182960

*[handwritten left margin:]* 3/26/10

Attn: Jenak-san

Please open a new acct. for this customer.

Thank you.

Sales: Thomas

THE APPLICANT SEEKS A CREDIT LIMIT OF $ _____

**GENERAL INFORMATION**

Business name ~~XXX~~ Bishop Ranch Gateway Inc.  Phone (925) 806 - 9900

D.B.A.  Little Madfish                           Fax  (925) 806 - 9901

Business Address  154 Sunset dr.

City  San Ramon                State  CA  Zip  94583

Billing Address (if other than above) _____

                                      State ____  Zip ____

Contact Person  Euna  Baik          Title  Manager

Phone (925) 324 - 7207  Fax ( )  -  E-mail _____

**Form of Business Organization**

☐ Sole Proprietorship (Single Owner)

☐ Partnership .

  Written partnership agreement?  Yes  no   Date of Agreement:  /  /

☒ Corporation (type of corporation:  )  Date Incorporated:  /  /

Identify all Owners, Partners, or Officers

Name  Hyeong Geon Lee .       Title  CEO

Address  6678 Porene. Pl.        SSC#  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

  San Jose. CA 95120          Phone (408) 268 - 1909

Name _____            Title _____

Address _____          SSC# _____

                              Phone ( )  -

Name _____            Title _____

Address _____          SSC# _____

                              Phone ( )  -

Name _____            Title _____

Address _____          SSC# _____

                              Phone ( )  -

Seller's Permit Number  SR CH  101-324540 .

Alcoholic Beverage License Number _____

Tax ID Number  22 - 1962392 .

Organization Number ( if any) _____

How long in business? ____  Same Owner? ____  Same Location? ____

| Internal use only (Applicant should NOT write in this box) | | |
|---|---|---|
| Date application received:   /   / | Account number: _____ | |
| ☐ APPROVED    ☐ REJECTED | ☐ REQUESTED ADDITIONAL INFORMATION | |
| If approved, Date:   /   /  Credit Limit $ ____  Reviewed By _____ | | |
| If rejected, Reason _____ | | |

*[stamp:]* FAXED

·Credit Application Form            Page 1 of 2

IMPORTER-WHOLESALE DISTRIBUTOR · LOS ANGELES · NEW YORK

*[handwritten bottom right:]* 121303  005

FROM

(THU)AUG 27 2009 11:56/ST. 11:57/No. 7502728768 P 3

# N.A. SALES COMPANY, INC.

301 E. GRAND AVE., SOUTH SAN FRANCISCO, CA 94080 • TEL: (650) 827-2020 • FAX: (650) 827-2021 • www.nasales.com

**BANK (DEPOSIT) REFERENCE**

(Please authorize your bank to confirm the information you are giving creditor)

Bank: Union Bank Branch: Fremont, CA.

Phone ( ) - Fax ( ) - E-mail

Type of Account: checking. Account Number: 118 1163443.

This Account Opened: / / Customer Since / /

Average daily balance (past three years or since account opened if less than three years) ______

**TRADE REFERRENCES**

Firm Name: IMP Foods Phone ( ) -

Address: Hayward, CA. Fax ( ) -

E-mail

Firm Name ______ Phone ( ) -

Address ______ Fax ( ) -

E-mail

Firm Name ______ Phone ( ) -

Address ______ Fax ( ) -

E-mail

**CREDIT CARD INFORMATION**

Type of Credit Card ☒VISA ☐MASTER ☐JCB ☐AMEX Cardholder's Name June Jang

Credit Card Number 5581 7409 3331 0051 Expiration Date 01/13

Address 39350 Paseo Padre Pkwy. Fremont, CA 94538.

**AGREEMENT**

This credit application is submitted by Customer to N.A. Sales Co., Inc. (hereafter "N.A.Sales"). Customer understands N.A.Sales' credit terms and agrees to make payment in full to N.A.Sales for all amounts due according to N.A.Sales' Invoice(s). Customer also agrees to pay to N.A.Sales, as interest, an amount equal to 1.5% per month for invoice amounts those are past due. Should Customer default in any such payment(s), N.A.Sales shall have the right without notice to Customer to declare all invoice amounts due and payable. In the event N.A.Sales should commence any action(s), or otherwise seek to enforce this agreement against Customer or any Guarantor, Customer agrees to pay reasonable attorney(s) fees, collection fees, court costs and other expenses incurred by N.A.Sales, whether not suit is filed.

The undersigned also authorizes release of all credit information requested by N.A.Sales. This form be reproduces and a faxed copy shall be as effective consents as the original, which has signed. The undersigned also authorized N.A.Sales to charge to the credit card for all past due invoices or insufficient checking account.

Signature [signature] Date 3/26/10

Name Hyeong Geon Lee Title CEO

121303 006

# N.A. SALES COMPANY, INC.

301 E. GRAND AVE., SOUTH SAN FRANCISCO, CA 94080 • TEL: (650) 827-2020 • FAX: (650) 827-2021 • www.nasales.com

## CREDIT APPLICATION

L 83020

THE APPLICANT SEEKS A CREDIT LIMIT OF $ _____
GENERAL INFORMATION (Little Modfish)
Business name _Town & Country Modfish, Inc._   Phone (707) 448 - 4566
D.B.A. _Little Modfish_   Fax (707) 448 - 4315
Business Address _2000 Hobbison Dr #C_
City _Vacaville_   State _CA_ Zip _95682_
Billing Address (if other than above) _____
   State ___ Zip ___
Contact Person _HYUNG SUK Oh_   Title _Operation Director_
Phone (415) 378-0204 Fax (925) ___ - ___   E-mail ___

9/22/08
To: Joanie
Sales:
T. Lee

L 83020

Please change Main Addr

Form of Business Organization
☐ Sole Proprietorship (Single Owner)
☐ Partnership
   Written partnership agreement?   Yes   no   Date of Agreement: / /
☒ Corporation (type of corporation;   ) Date Incorporated: / /
Identify all Owners, Partners, or Officers
Name _Jo Chang_   Title _CFO_
Address _11875 Dublin Blvd #C152_   SSC# _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_
   _Dublin, CA 94668_   Phone (925) 580-1356
Name ___   Title ___
Address ___   SSC# ___
   Phone ( ) ___
Name ___   Title ___
Address ___   SSC# ___
   Phone ( ) ___
Name ___   Title ___
Address ___   SSC# ___
   Phone ( ) ___

Seller's Permit Number _JHF 101-140831_
Alcoholic Beverage License Number ___
Tax ID Number _26 - 3129917_
Organization Number ( if any) ___

How long in business? _0_ Same Owner? ___ Same Location? ___

Internal use only (Applicant should NOT write in this box)
Date application received: / /   Account number ___
☐ APPROVED ☐ REJECTED ☐ REQUESTED ADDITIONAL INFORMATION
If approved, Date: / /   Credit Limit $ ___   Reviewed By ___
If rejected, Reason ___



FAXED Credit Application Form.   Page 1 of 2
IMPORTER-WHOLESALE DISTRIBUTOR • LOS ANGELES • NEW YORK

05/05/2005  05:05                                                    #0023 P.003 /003

# N.A. SALES COMPANY, INC.

301 E. GRAND AVE., SOUTH SAN FRANCISCO, CA 94080 • TEL: (650) 827-2020 • FAX: (650) 827-2021 • www.nasales.com

**BANK (DEPOSIT) REFERENCE**
(Please authorize your bank to confirm the information you are giving creditor)
Bank _Wells Fargo_ _____ Branch _Dublin_ _____
Phone ( )  -  ___ Fax ( )  ___ E-mail _____
Type of Account _Checking_ ___ Account Number _6936716155_
This Account Opened: _09 / 1 / 2008_  Customer Since  /  /
Average daily balance (past three years or since account opened if less than three years) _____

**TRADE REFERRENCES**
Firm Name _IMP FOODS_ _____  Phone ( 510 ) 639-4600
Address _1650 Delta Ct, Hayward_  Fax  ( 510 ) 639 - 4601
                                                    E-mail _____
Firm Name _____                          Phone ( )  -  ___
Address _____                             Fax  ( )  -  ___
                                                    E-mail _____
Firm Name _____                          Phone ( )  -  ___
Address _____                             Fax  ( )  -  ___
                                                    E-mail _____

**CREDIT CARD INFORMATION**
Type of Credit Card  ☐VISA ☐MASTER ☐JCB ☐AMEX  Cardholder's Name _____
Credit Card Number _____                              Expiration Date  /
Address _____

**AGREEMENT**
This credit application is submitted by Customer to N.A.Sales Co., Inc; (hereafter "N.A.Sales"). Customer understands N.A.Sales' credit terms and agrees to make payment in full to N.A.Sales for all amounts due according to N.A.Sales' invoice(s). Customer also agrees to pay to N.A.Sales, as interest, an amount equal to 1.5% per month for invoice amounts those are past due. Should Customer default in any such payment(s), N.A.Sales shall have the right without notice to Customer to declare all invoice amounts due and payable. In the event N.A.Sales should commence any action(s), or otherwise seek to enforce this agreement against Customer or any Guarantor, Customer agrees to pay reasonable attorney(s) fees, collection fees, court costs and other expenses incurred by N.A.Sales, whether not suit is filed.

The undersigned also authorizes release of all credit information requested by N.A.Sales. This form be reproduces and a faxed copy shall be as effective consents as the original, which has signed. The undersigned also authorized N.A.Sales to charge to the credit card for all past due invoices or insufficient checking account.

Signature _____                              Date _9/22/08_
Name _J.O. Chong_                                  Title _CFO._

IMPORTER-WHOLESALE DISTRIBUTOR • LOS ANGELES ♦ NEW YORK

121307  008

Exhibit 3

HAE-SUK LEE
(619) 696-1129
2771 EAST COG HILL TERRACE
DUBLIN, CA 94568

294

11-35/1210
3003

Date  1/05/2011

Pay to the
Order of  H A Sales                              $ 200,000 —

Two hundred thousand +  ~                       Dollars

Bank of America

For  HOLD Deposit until when
we Breaks the agreement.

‖:121000358‖:0 294= 20039 6621 0‖

Exhibit 4

AUG-14-2013  09:09    NORTH AMERICAN FOOD-TRADE                 916.373.1124    P.03

**STATEMENT**

Page: 1

Please make checks payable to:
N.A.Sales, Inc.
301 E Grand Ave.
So. San Francisco, CA 94080

N A Sales
301 E. GRAND AVENUE
SO SAN FRANCISCO, CA 94080
(650) 827-2020

| | |
|---|---|
| Statement Date | Statement Date |
| 7/31/2013 | 7/31/2013 |
| Account Number | Account Number |
| LI82980 | LI82980 |

LITTLE MAD FISH-SAN RAMON
BISHOP RANCH GATEWAY INC
154 SUNSET DR
SAN RAMON, CA 94583

Amount Enclosed $ _____

Mark Items Being Paid

| Date | Current Activity | | Summary | Reference | Amount | X |
|---|---|---|---|---|---|---|
| | Previous Balance | | $4,939.78 | Previous Balance | $4,939.78 | |
| 8/14/2011 | Chk #:1427 | | | Chk #:1427 | | |
| 6/20/2011 | Chk #:CM6700LDI | | | Chk #:CM6700LDIN | | |
| 7/26/2011 | Chk #:1419 | | | Chk #:1419 | | |
| 8/26/2011 | Chk #:1487 | | | Chk #:1487 | | |
| 1/7/2013 | Chk #:RETURN CM | | | Chk #:RETURN CM | | |
| 6/7/2013 | Chk #:ADJUST | -355.15 | | Chk #:ADJUST | -355.15 | |
| 7/30/2010 | Chk #:1268 | -1,711.26 | | Chk #:1268 | -1,711.26 | |
| 12/21/2010 | Chk #:409012348 | | | Chk #:409012348 | | |
| 8/24/2011 | Chk #:118008948 | -1,156.82 | | Chk #:118008948 | -1,156.82 | |
| 7/15/2013 | Chk #:MC | -1,359.76 | | Chk #:MC | -1,359.76 | |
| 7/25/2013 | Chk #:2141 | -1,161.33 | | Chk #:2141 | -1,161.33 | |
| | Total Payments Received - Thank You | | -5,144.32 | | | |
| 7/26/2010 | 0836053-IN | 1,882.42 | | 0836053-IN | 1,882.42 | |
| 7/30/2010 | JUL0065-FC | 362.49 | | JUL0065-FC | 362.49 | |
| 7/31/2011 | JUL0076-FC | 395.58 | | JUL0076-FC | 395.58 | |
| 7/31/2012 | JUL0057-FC | 392.21 | | JUL0057-FC | 392.21 | |
| 7/12/2013 | 0788283-IN | 1,359.78 | | 0788283-IN | 1,359.78 | |
| 7/25/2013 | 0790202-IN | 1,161.33 | | 0790202-IN | 1,161.33 | |
| | Total Charges This Period | | 5,553.79 | | | |
| 8/5/2010 | 073010B-PP | 2,816.00 | | 073010B-PP | 2,816.00 | |
| | Total Charges This Period | | 2,816.00 | | | |

| | | | | | Total Amount Due | 38,165.23 |

| JULY | JUNE | MAY | OVER 90 DAYS | Total Amount Due | | Total Amount Due | 38,165.23 |
|---|---|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 38,165.23 | 38,165.23 | | | |

Terms: Net 30 days from invoice date. A Finance Charge of 1-1/2% per month (18% Annual Percentage Rate) will be assessed on all accounts 30 Days Past Due.

12|303 015

Accounts Receivable Aged Invoice Report
Sorted by Customer Number
All Open Invoices - Aged as of 9/11/2013

N A Sales (003)

| Customer/ Invoice Date | Invoice Number | Due Dates Invoice | Discount | Discount Amount | Balance | Current | 1 Month | 2 Months | 3 Months | 4 Months | Days Delq |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Lit82880 | LITTLE MAD FISH-SAN RAMON | | Contact: MGR | | | Phone: | (925) 806-9900 | | | | |
| 4/5/2010 | 0819971-IN | 5/5/2010 | | 0.00 | 245.05 | 0.00 | 0.00 | 0.00 | 0.00 | 245.05 | 1,225 |
| 4/8/2010 | 0620785-IN | 5/8/2010 | | 0.00 | 1,851.10 | 0.00 | 0.00 | 0.00 | 0.00 | 1,851.10 | 1,222 |
| 4/12/2010 | 0620949-IN | 5/12/2010 | | 0.00 | 1,270.10 | 0.00 | 0.00 | 0.00 | 0.00 | 1,270.10 | 1,218 |
| 4/12/2010 | 0620951-IN | 5/12/2010 | | 0.00 | 1,786.18 | 0.00 | 0.00 | 0.00 | 0.00 | 1,786.18 | 1,218 |
| 4/12/2010 | 0621105-IN | 5/12/2010 | | 0.00 | 437.00 | 0.00 | 0.00 | 0.00 | 0.00 | 437.00 | 1,218 |
| 4/12/2010 | 0621103-IN | 5/15/2010 | | 0.00 | 304.00 | 0.00 | 0.00 | 0.00 | 0.00 | 304.00 | 1,215 |
| 4/15/2010 | 0621703-IN | 5/15/2010 | | 0.00 | 1,184.30 | 0.00 | 0.00 | 0.00 | 0.00 | 1,184.30 | 1,214 |
| 4/16/2010 | 0621875-IN | 5/16/2010 | | 0.00 | 2,015.03 | 0.00 | 0.00 | 0.00 | 0.00 | 2,015.03 | 1,211 |
| 4/19/2010 | 0621915-IN | 5/19/2010 | | 0.00 | 3,744.66 | 0.00 | 0.00 | 0.00 | 0.00 | 3,744.66 | 1,204 |
| 4/26/2010 | 0622946-IN | 5/26/2010 | | 0.00 | 2,277.10 | 0.00 | 0.00 | 0.00 | 0.00 | 2,277.10 | 1,197 |
| 6/3/2010 | 0623912-IN | 6/2/2010 | | 0.00 | 2,958.48 | 0.00 | 0.00 | 0.00 | 0.00 | 2,958.48 | 1,190 |
| 5/10/2010 | 0624958-IN | 6/9/2010 | | 0.00 | 2,628.60 | 0.00 | 0.00 | 0.00 | 0.00 | 2,628.60 | 1,186 |
| 5/14/2010 | 0625870-IN | 6/13/2010 | | 0.00 | 202.50 | 0.00 | 0.00 | 0.00 | 0.00 | 202.50 | 1,181 |
| 5/19/2010 | 0626373-IN | 6/18/2010 | | 0.00 | 113.44 | 0.00 | 0.00 | 0.00 | 0.00 | 113.44 | 1,169 |
| 5/31/2010 | MAY0100-FC | 5/31/2010 | | 0.00 | 1,187.85 | 0.00 | 0.00 | 0.00 | 0.00 | 1,187.85 | 1,168 |
| 6/1/2010 | 0627889-IN | 7/1/2010 | | 0.00 | 131.00 | 0.00 | 0.00 | 0.00 | 0.00 | 131.00 | 1,168 |
| 6/1/2010 | 0627984-IN | 7/1/2010 | | 0.00 | 1,051.30 | 0.00 | 0.00 | 0.00 | 0.00 | 1,051.30 | 1,155 |
| 6/14/2010 | 0630102-IN | 7/14/2010 | | 0.00 | 256.08 | 0.00 | 0.00 | 0.00 | 0.00 | 256.08 | 1,169 |
| 6/30/2010 | JUN0051-FC | 6/30/2010 | | 0.00 | 771.16 | 0.00 | 0.00 | 0.00 | 0.00 | 771.16 | 1,113 |
| 7/26/2010 | 0636063-IN | 8/25/2010 | | 0.00 | 382.49 | 0.00 | 0.00 | 0.00 | 0.00 | 382.49 | 1,139 |
| 7/30/2010 | JUL0005-FC | 7/30/2010 | | 0.00 | 413.85 | 0.00 | 0.00 | 0.00 | 0.00 | 413.85 | 1,106 |
| 8/22/2010 | 0637047-IN | 9/10/2010 | | 0.00 | 1,659.18 | 0.00 | 0.00 | 0.00 | 0.00 | 1,659.18 | |
| 8/5/2010 | 0730103-PP | 8/5/2010 | | 0.00 | 397.95 | 0.00 | 0.00 | 0.00 | 0.00 | 397.95 | 1,107 |
| 8/31/2010 | AUG0001-FC | 8/31/2010 | | 0.00 | 464.57 | 0.00 | 0.00 | 0.00 | 0.00 | 464.57 | 1,077 |
| 9/30/2010 | SEP0054-FC | 9/30/2010 | | 0.00 | 467.88 | 0.00 | 0.00 | 0.00 | 0.00 | 467.88 | 1,046 |
| 10/31/2010 | OCT0061-FC | 10/31/2010 | | 0.00 | 441.26 | 0.00 | 0.00 | 0.00 | 0.00 | 441.26 | 1,016 |
| 11/30/2010 | NOV0080-FC | 11/30/2010 | | 0.00 | 422.59 | 0.00 | 0.00 | 0.00 | 0.00 | 422.59 | 985 |
| 12/31/2010 | DEC0055-FC | 12/31/2010 | | 0.00 | 422.53 | 0.00 | 0.00 | 0.00 | 0.00 | 422.53 | 964 |
| 1/31/2011 | JAN0085-FC | 1/31/2011 | | 0.00 | 415.03 | 0.00 | 0.00 | 0.00 | 0.00 | 415.03 | 926 |
| 2/28/2011 | FEB0080-FC | 2/28/2011 | | 0.00 | 411.28 | 0.00 | 0.00 | 0.00 | 0.00 | 411.28 | 895 |
| 3/31/2011 | MAR0057-FC | 3/31/2011 | | 0.00 | 411.28 | 0.00 | 0.00 | 0.00 | 0.00 | 411.28 | 866 |
| 4/29/2011 | APR0087-FC | 4/29/2011 | | 0.00 | 403.08 | 0.00 | 0.00 | 0.00 | 0.00 | 403.08 | 834 |
| 5/31/2011 | MAY0087-FC | 5/31/2011 | | 0.00 | 399.33 | 0.00 | 0.00 | 0.00 | 0.00 | 399.33 | 804 |
| 6/30/2011 | JUN0047-FC | 6/30/2011 | | 0.00 | 386.58 | 0.00 | 0.00 | 0.00 | 0.00 | 386.58 | 773 |
| 7/31/2011 | JUL0078-FC | 7/31/2011 | | 0.00 | 391.63 | 0.00 | 0.00 | 0.00 | 0.00 | 391.63 | 742 |
| 8/31/2011 | AUG0065-FC | 8/31/2011 | | 0.00 | 391.83 | 0.00 | 0.00 | 0.00 | 0.00 | 391.83 | 712 |
| 9/30/2011 | SEP0061-FC | 9/30/2011 | | 0.00 | 391.83 | 0.00 | 0.00 | 0.00 | 0.00 | 391.83 | 681 |
| 10/31/2011 | OCT0071-FC | 10/31/2011 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 651 |
| 11/30/2011 | NOV0052-FC | 11/30/2011 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 620 |
| 12/31/2011 | DEC0062-FC | 12/31/2011 | | 0.00 | 391.89 | 0.00 | 0.00 | 0.00 | 0.00 | 391.89 | 589 |
| 1/31/2012 | JAN0079-FC | 1/31/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 560 |
| 2/29/2012 | FEB0014-FC | 2/29/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 529 |
| 3/31/2012 | MAR0052-FC | 3/31/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 499 |
| 4/30/2012 | APR0060-FC | 4/30/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 469 |
| 5/31/2012 | MAY0042-FC | 5/31/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 438 |
| 6/30/2012 | JUN0048-FC | 6/30/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 407 |
| 7/31/2012 | JUL0057-FC | 7/31/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 376 |
| 8/31/2012 | AUG0057-FC | 8/31/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 346 |
| 9/30/2012 | SEP0077-FC | 9/30/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 315 |
| 10/31/2012 | OCT0060-FC | 10/31/2012 | | 0.00 | 392.21 | 0.00 | 0.00 | 0.00 | 0.00 | 392.21 | 285 |
| 11/30/2012 | NOV0008-FC | 11/30/2012 | | 0.00 | 380.63 | 0.00 | 0.00 | 0.00 | 0.00 | 380.63 | |
| | *** Credit Limit Exceeded *** | | | | | | | | | | |
| | | Customer Lit2880 Totals: | | 0.00 | 38,165.23 | 0.00 | 0.00 | 0.00 | 0.00 | 38,165.23 | |
| | | Report Totals: | | 0.00 | 38,165.23 | 0.00 | 0.00 | 0.00 | 0.00 | 38,165.23 | |
| | | Number of Customers: | 1 | | | | | | | | |

Run Date: 9/11/2013  9:06:46AM
A/R Date: 9/11/2013

121303  020

1

**PROOF OF SERVICE**
**N.A. Sales Company, Inc. v. Clayton E. Swartz, et al.**
**Alameda County Superior Court Case No. HG15761098**

2

3       At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of San Francisco, State of California.  My business address is One
4  Embarcadero Center, Suite 2600, San Francisco, CA 94111.

5       On February 16, 2019, I served true copies of the following document(s):

6       **DEFENDANT MARY J. SEO'S NOTICE OF REMOVAL TO FEDERAL COURT**
**PURSUANT TO 28 U.S.C. §1441**

7

8  on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

9

10       **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices.  I am readily familiar with Severson &
11  Werson's practice for collecting and processing correspondence for mailing.  On the same day that
the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
12  business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13       I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of
14  this Court at whose direction the service was made.

15       Executed on February 15, 2019, at San Francisco, California.

16

17                                      _____
18                                      Katrina D. Adkins

19

20

21

22

23

24

25

26

27

28

12373.0026/14752775.1

1
2

**SERVICE LIST**
*N.A. Sales Company, Inc. v. Clayton E. Swartz, et al.*
**Alameda County Superior Court Case No. HG15761098**

3  Brian H. Song, Esq.                            *Attorneys for Plaintiff*
   SONG & LEE, LLP                                **N.A. SALES COMPANY**
4  4633 Old Ironsides Drive, Suite 260
   Santa Clara, CA  95054
5                                                 Telephone:  (408) 748-3310
                                                  Facsimile:  (408) 748-3309
6                                                 Email:  briansong@songleelaw.com
                                                  Email:  gracekang@songleelaw.com
7                                                 Email:  innanam@songleelaw.com
                                                  Email:  sarahpark@songleelaw.com

8
9  James G. Schwartz, Esq.                        *Attorneys for Defendants/Cross-Complainants*
   Joshua D. Brysk, Esq.                          **JHK PACIFIC COMMON, INC.,**
   LAW OFFICES OF JAMES G. SCHWARTZ               **CLAYTON E. SWARTZ, JR., AND HAENG**
10 7901 Stoneridge Drive, Suite 401               **CHA SWARTZ**
   Pleasanton, CA  94588
11                                                Telephone:   1-925-463-1073
                                                  Facsimile:   1-925-463-2937
12                                                Email:       jim@jgschwartz.com
                                                  Email:       josh@jgschwartz.com
13
14 James J. Kim, Esq.                             *Attorneys for Cross-Defendant*
   KIM & ASSOCIATES                               **YI SOO KIM AKA JOHN KIM; JYK**
15 1970 Broadway, Suite 1030                      **CONSULTING CORP.**
   Oakland, CA  94612
16                                                Telephone:   1-510-444-0709
                                                  Facsimile:   1-510-444-1291
17                                                Email:       ikim@roklaw.com

18 Joong Y. Im, Esq.                              *Attorneys for Cross-Complainant*
   601 Van Ness Avenue, Suite 2056               **JUN HO KIM**
   San Francisco, CA  94102
19                                                Telephone:   1-415-775-9854
                                                  Facsimile:   1-415-775-1308
20                                                Email:       joongimesq@gmail.com

21 Timothy S. Camarena, Esq.                      *Attorneys for Cross-Defendant*
   RELAW, APC                                     **BAY AREA ESCROW SERVICES**
22 699 Hampshire Road, Suite 105
   Westlake Village, CA 91361-2352                Telephone:   1-805-265-1031
23                                                Email:       tim@relawapc.com

24
25
26
27
28

12373.0026/14752775.1

DEFENDANT MARY J. SEO'S NOTICE OF REMOVAL